**Mary HUNT, Plaintiff,**

**v.**

**DEPARTMENT OF the AIR FORCE, a DIVISION OF the UNITED STATES of America, Defendant.**

**No. 91–320–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

March 6, 1992.

Sharon Perkner Jorgensen, Winn, Macy and Jorgensen, P.A., St. Petersburg, Fla., Raymond T. Elligett, Jr., Schropp, Buell & Elligett, P.A., Tampa, Fla., for plaintiff.

James R. Hilbert, Jr., U.S. Attys. Office, Tampa, Fla., for defendant.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses thereto:

1. Defendant's motion to dismiss, filed on August 23, 1991.

2. Plaintiff's response to Defendant's motion to dismiss, filed on August 30, 1991.

3. Plaintiff's supplemental authority in opposition to Defendant's motion to dismiss, filed on December 3, 1991.

4. Plaintiff's motion for leave to file amended complaint, filed on December 3, 1991.

5. Defendant's response and opposition to Plaintiff's motion for leave to file amended complaint, filed on December 16, 1991.

6. Defendant's response and opposition to Plaintiff's notice of filing supplemental authority in opposition to motion to dismiss and arguments contained therein and motion to strike, filed December 16, 1991.

7. Plaintiff's response to Defendant's motion to strike, filed December 13, 1991.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

FACTS:

Plaintiff, MARY HUNT, was injured while grocery shopping at the commissary located at MacDill Air Force base when a grocery bagger placed her groceries next to her car in what Plaintiff claims was a negligent manner. Plaintiff then fell over the bags thereby suffering her injuries. After making an administrative claim to the United States Air Force which was subsequently denied, Plaintiff brought this action under the Federal Torts Claim Act against Defendant, THE UNITED STATES AIR FORCE, A DIVISION OF THE UNITED STATES OF AMERICA.

ISSUES:

The ultimate issue which Defendant seeks to have the Court determine is whether the Plaintiff's complaint against the Defendant should be dismissed for failure to serve the appropriate parties within the six (6) month statute of limitations under 28 U.S.C. § 2401(b). Within this issue is the sub-issue of whether the Plaintiff should be allowed to amend her original complaint with regards to the caption in order that the reference to "Department of the Air Force, A Division of" be deleted. Such an amendment would bring the Plaintiff's complaint within the parameters of 28 U.S.C. § 2679, which states in part that the United States is the proper defendant under the Federal Torts Claim Act (FTCA). Plaintiff contends that Amended Rule 15(c) of the Federal Rules of Civil Procedure, effective December 1, 1991, allows an

amendment changing the name of the party against whom a claim is asserted to relate back to the date of the original pleading if certain conditions are met.

## A. STATUTE OF LIMITATIONS FOR ACTIONS UNDER THE FTCA

■ Defendant argues that a party must file their complaint within six (6) months of denial of an administrative claim under 28 U.S.C. § 2401(b) or have their complaint barred. Defendant also argues that the United States must receive actual notice within that same six month statutory period for the filing to be timely and the Court to have jurisdiction to hear the case. Defendant thereby believes that the Plaintiff's claim should be dismissed since they were not served with notice within the six month period that the Statute of Limitations allows.

The Court is in agreement with the Defendant since the Court believe that it is a well established principle that the Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390, 397 (1976). The Supreme Court has in many .cases read procedural rules embodied in statutes waiving immunity strictly, with an. eye to effectuating a restrictive legislative purpose when Congress relinquishes sovereign immunity. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244, 255 (1967). The Eleventh Circuit has chosen to uphold this limited waiver in *Maahs v. U.S.*, 840 F.2d 863, 866 (11th Cir.1988), citing *Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir.1975). Such a strict construction is warranted by the fact that the government is not required to consent to a waiver of sovereign immunity. Where the government has chosen to so consent, the waiver should not be allowed to be expanded beyond the statutory period.

■ The six (6) month statute of limitations under the Federal Torts Claim Act requires that the United States receive actual notice of the suit in order that the complainant be in compliance with 28 U.S.C. § 2401(b). Unless a defendant voluntarily makes an appearance or waives defective service, a federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with the applicable federal statutory requirements. *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir.1982). Since the Plaintiff failed to serve the United States within the 6 month period, their claim should be barred.

## B. WHERE SERVICE DEFECTIVE, AMENDMENT NOT ALLOWED

■ Plaintiff believes that the complaint should be allowed to be amended under Federal Rules of Civil Procedure and that the complaint should then be allowed to relate back to the filing of the complaint which would place the Plaintiff into the proper time frame under the Statute of Limitations for proceeding with her claim. Plaintiff states that this amendment should be permitted under the Amended Rule 15(c) which became effective on December 1, 1991. Under Amended Rule 15(c)(3), an amendment which changes the naming of the party against whom a claim is asserted relates back to the date of the original pleading if certain conditions are met. Plaintiff's reliance on Amended Rule 15(c)(3) and its comments, with regards to reading it in compliance with the amendment to Rule 4, is not justified in this matter since the complaint transpired under the pre-amended rules and within the amended rules there is no mention of their having. a retroactive effect. The law in effect at the time of service continues to control the jurisdictional issue even though subsequent to that service and at the time of decision ·a new statute or amendment has been enacted. *Benn v. Linden Crane Company*, 370 F.Supp. 1269, 1270 (E.D.Pa. 1973). Nor can Plaintiff be allowed to amend her complaint under the previous rules since the service requirements were not complied with as required under Rule 15(c), which was in effect both at the time

of the filing of the complaint and the time of the service. In order for an amendment adding a party to relate back under Rule 15(c) the party to be added must have received notice of the action before the statute of limitation has run. "The linchpin is notice, and notice within the limitations period." *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

Here, the Defendant did not receive notice or service until after the six month statute of limitations had run. Therefore, Plaintiff's complaint is not amendable to correct the naming of the correct party, the United States.

## C. PROPER PARTY

Other than the fact that Plaintiff did not serve Defendant within the proper time frame, the Plaintiff also erred in the naming of the Defendant within the complaint. Under the Federal Torts Claim Act, the proper defendant is the United States. 28 U.S.C. § 2679. Since Plaintiff did not serve the Defendant within the six month statute of limitations and such failure of service prohibits an amendment of the complaint to correct the improper caption, the Court need not address the issue of the improper party.

CONCLUSION:

Absent good cause and proper service upon the Defendant, Rule 4(j) forces this court to dismiss Plaintiff's complaint without prejudice. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1158 (6th Cir.1991). Even though it is realized that a dismissal without prejudice may render Plaintiff's action time barred, dismissal is nevertheless warranted, despite the severity of such a result. *Id.* A plaintiff may not avoid the consequences of the acts or omissions of his or her attorney, his or her freely selected agent. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Plaintiff's complaint is dismissed for failure to state a cause of action. Likewise, Plaintiff's request for leave to amend is denied. And finally, Defendant's motion to strike is now moot. Each of these actions is explained in the above paragraphs. Accordingly, it is

ORDERED that Defendant's motion to dismiss is granted, and Plaintiff's motion for leave to file an amended complaint is denied.

ORDERED that this complaint and this action be, and hereby are, dismissed.

DONE and ORDERED.