**Raymond Jonathan HILL,**
**Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE,**
**Defendant–Appellee.**

No. 90–7597.

United States Court of Appeals,
Eleventh Circuit.

May 13, 1992.

Raymond Jonathan Hill, pro se.

Frank W. Donaldson, U.S. Atty., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., Joan C. Goodrich, U.S. Postal Service, Office of Labor Law, Washington, D.C., for defendant-appellee.

Before KRAVITCH, Circuit Judge, GODBOLD and JOHNSON *, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

On January 22, 1990 appellant Raymond Hill received a right-to-sue letter from the Equal Employment Opportunity Commission notifying him that he had a right to file a civil action against his former employer, the United States Postal Service. This letter stated in part:

> If you file a civil action, YOU MUST NAME THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD AS THE DEFENDANT IN THE COMPLAINT. Agency or department means the national organization, facility or department in which you might work. DO NOT JUST NAME THE AGENCY OR DEPARTMENT. You must also state the title of the official agency head or department head. Failure to provide the NAME AND OFFICIAL TITLE of the agency head or department head may result in the dismissal of your case. Fed.R.Civ.P. 25(d)(2).

(emphasis in original).

Hill had 30 days after receipt of the letter in which to file a suit in federal court under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–16(c) (West 1981 and Supp.1991). On February 21, 1990, the last day of the 30–day limitations period, Hill filed an application under Title VII for appointment of counsel and for authority to commence an action without prepayment of fees, costs, or security. The district court granted both requests on February 22, directing the magistrate to obtain counsel for Hill and permitting Hill to proceed *in forma pauperis.* The court also ordered that Hill's application be treated as a complaint filed under Title VII as of February 21, 1990 and directed that Hill file an amended complaint within 30 days (unless extended) "suitable for service on the department named herein."

After several extensions Hill timely filed an amended complaint on April 30, 1990 naming "U.S.P.S." as the sole defendant. He filed this complaint pro se after his appointed attorney withdrew.[1] The U.S. Attorney for N.D.Alabama, the U.S. Attorney General, and the Postmaster General were all served with the amended complaint on May 23.

On June 27 the Postal Service moved to dismiss the case, contending that it was not a proper party. It also asserted that plaintiff was time-barred from amending his complaint to name the Postmaster General as the proper defendant. Plaintiff responded on July 10 by filing a motion to amend his complaint to name the Postmaster General as defendant.

The district court granted the motion to dismiss for the stated reason that the Postal Service, named in the April 30 amendment, was not the proper defendant. Plaintiff's July 10 motion to amend to name the Postmaster General as defendant was denied because the amendment "would not relate back to the date of the filing of the complaint, and would therefore be untimely."

Fed.R.Civ.P. 15(c) was amended effective December 1, 1991 to provide broader "relation back" of pleadings when plaintiff seeks to amend its complaint to name a new defendant. Amended Rule 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when....

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. The attorney withdrew effective March 15, 1990 "because after careful review of the facts with Plaintiff and careful review of the existing law aforesaid attorney cannot come forward with an amended complaint and in good conscience comply with Rule 11."

(2) the claim or defense asserted in the amended pleading arose out of the conduct ... set forth ... in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Prior to the amendment of Rule 15(c), the standard for Rule 15(c) "relation back" was set out in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), and applied by this court in *Bates v. Tennessee Valley Authority*, 851 F.2d 1366 (11th Cir.1988), *cert. denied*, 490 U.S. 1106, 109 S.Ct. 3157, 104 L.Ed.2d 1020 (1989):

The four prerequisites to a 'relation back' amendment under rule 15(c) are: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the proscribed limitations period. *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

*Id.* at 1368–69.

■ By contrast with *Schiavone* and *Bates*, amended Rule 15(c)(3) does not require that the newly named party receive notice of the suit [15(c)(3)(A)] or become aware of the misidentification in the pleadings [15(c)(3)(B)] within the prescribed limitations period for the particular cause of action. Rather, it requires that the newly named party receive notice of the suit or become aware of the misidentification in the pleadings within the prescribed period for service of process—120 days after the filing of the original complaint according to amended Rule 4(m) (now Rule 4(j)). The Advisory Committee Notes emphasize that the amendment to Rule 15(c)(3) was intended to eliminate requirement (4) of *Schiavone* that the newly named defendant be brought into the action within the applicable limitations period—30 days after receipt of the right-to-sue letter in a Title VII action. Rule 15(c) was revised "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Fed.R.Civ.P. 15(c) Notes of Advisory Committee—1991 Amendment; *see Empresa de Recuperacion Y Reactivacion de Industrias Errei, Compania Anonima v. Bemax of New Jersey, Inc.*, 1992 WL 32327, *3, 1992 U.S.Dist. LEXIS 2283, *8 (D.N.J.1992). The amendment was intended to compel a different result from *Schiavone*, which was inconsistent with the liberal pleading provision of Fed.R.Civ.P. 8. Notes of Advisory Committee; *see Ynclan v. Dept. of Air Force*, 943 F.2d 1388, 1392 n. 4 (5th Cir.1991).

Amended Rule 15(c) was applied retrospectively to allow relation back of an amendment to name the proper defendant in *Renslow v. City of Chicago*, 1991 WL 296732, *1, 1992 U.S.Dist. LEXIS 357, *2 (N.D.Ill.1992). There the court gave effect to the Supreme Court's order adopting the amendments to the civil rules, holding that it was just and practicable to apply amended Rule 15(c) to the pending case. *Accord Boliden Metech, Inc. v. U.S.*, 140 F.R.D. 254, 258 (D.R.I.1991) ("it would be inequitable for this Court to ignore the intent of the Advisory Committee on Civil Rules, the United States Supreme Court, and Congress by deciding this issue based on the requirements of a soon to be obsolete rule of civil procedure").

■ We agree with the result and the reasoning in *Renslow* and *Boliden*. The Advisory Committee intended retroactivity

and said so. The Supreme Court is authorized by statute to propose new rules and to "fix the extent [to which] such rules shall apply to proceedings then pending." 28 U.S.C. § 2074. It is expressly authorized to provide for retroactivity when adopting new rules of civil procedure, *Id.* In adopting the amendments that included the amendment to Rule 15(c) the Court said that they were to apply to pending cases when "just and practicable." *Order Amending Federal Rules of Civil Procedure,* 111 S.Ct. Preface 813 (April 30, 1991). It is both just and practicable to permit Hill, a pro se litigant, to proceed with his case against the Postmaster General, the head of the agency which he had improperly named in his original complaint.

Our task is not attempting to determine whether or not there shall be retroactivity where rule-making power is limited by the authority delegated to Congress. *See Bowen v. Georgetown Univ. Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988), arguably supplanting *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974), and *Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 281–83, 89 S.Ct. 518, 506–23, 21 L.Ed.2d 474 (1969). Rather we are determining whether there shall be retroactivity where that determination is authorized by the delegated power.

■ In *Freund v. Fleetwood Enterprises, Inc.,* 956 F.2d 354, 363 (1st Cir.1992), the First Circuit refused to apply amended Rule 15(c) retrospectively to a case in which plaintiff sought to relate back an amendment to name the proper defendant. While acknowledging that *Bradley* authorized the court to apply amended Rule 15(c) to the pending appeal, the First Circuit reasoned that retrospective application of the amended rule would result in manifest injustice because plaintiff had already lost his case through a jury trial, and plaintiff's confusion in presenting his appeal resulted in a delay in the First Circuit's opinion, which otherwise would have been issued prior to the December 1, 1991 effective date of the amendment to Rule 15(c). By contrast, manifest injustice would not re-

sult from the application of amended Rule 15(c) to Hill's case.

The court in *Hunt v. Dept. of Air Force,* 787 F.Supp. 197 (M.D.Fla.1992), refused to apply amended Rule 15(c) retrospectively citing that the amendment to the rule did not address whether it was intended to have a retroactive effect. The court in *Hunt* overlooks both the Advisory Committee Notes and the Supreme Court's order adopting the amendments, which demonstrate the intention that amended Rule 15(c) apply retrospectively. Also, *Hunt* is distinct from the instant case in that there plaintiff had moved to amend his complaint to name a new defendant upon whom no service had been made. The court reasoned that the law governing service of the newly named defendant should be the law in effect at the time of original service— not amended Rule 15(c). Here the Postmaster General has already been served.

Hill satisfies amended Rule 15(c)(2) because his claim against the Postmaster General arises out of the same transaction and occurrence set forth in his original complaint naming the Postal Service as defendant. Likewise, Hill satisfies amended Rule 15(c)(3) because the Postmaster General received notice of the suit on May 23, 1990 when he was served with copies of the summons and first amended complaint— less than 120 days after the filing of the original complaint on February 21, 1990. Hill's July 10 motion to amend to name the Postmaster General as defendant relates back to the date of the filing of the original complaint pursuant to amended Rule 15(c) and is therefore timely.

REVERSED and REMANDED for further proceedings in accordance with this opinion.