Mary **HUNT,** Plaintiff,

v.

**DEPARTMENT OF the AIR FORCE, a Division of the United States of America,** Defendant.

No. 91–320–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

July 1, 1993.

Raymond T. Elligett, Jr., Schropp, Buell & Elligett, P.A.; Nancy A. Lauten, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, and Sharon Perkner Jorgensen, Winn, Macy and Jorgensen, P.A., St. Petersburg, FL, for plaintiff.

James R. Hilbert, Jr., U.S. Attorney's Office, M.D. Florida, Tampa, FL, for defendant.

### ORDER

KOVACHEVICH, District Judge.

This cause comes before the Court on remand from the United States Court of Appeals for the Eleventh Circuit 987 F.2d 774, for reconsideration in light of *Hill v. United States Postal Service,* 961 F.2d 153 (11th Cir.1992).

### BACKGROUND

Plaintiff, Mary Hunt, was injured while shopping at the MacDill Air Force base commissary and subsequently filed an administrative claim to the United States Air Force which was denied. Plaintiff then filed with this Court a Federal Tort Claims Act (FTCA) action against the Defendant, the United States Air Force, a Division of the United States of America. This Court dismissed the complaint for Plaintiff's failure to timely serve the proper parties within the six (6) month statute of limitations under 28 U.S.C. § 2401(b) and held that Plaintiff's complaint was not amendable to name the proper party, the United States. *See,* 787 F.Supp. 197 (Fla.M.D.1992).

Plaintiff then filed a motion for rehearing and reconsideration asserting that this Court should reconsider its denial of the motion to amend the complaint in order for Plaintiff to name the proper party, which would place Plaintiff into the six month time frame. This Court denied Plaintiff's motion and held that the amended federal rules, on which Plaintiff relied, could not be applied retroactively to expand a waiver of sovereign immunity beyond the statutory period. *Hunt,* 787 F.Supp. at 200. The Plaintiff appealed to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit remanded this case back to this Court for reconsideration in light of *Hill v. United States Postal Service,* 961 F.2d 153 (11th Cir.1992), which is the subject of this order.

### ANALYSIS

This Court, on remand, has reviewed its previous ruling in this case in light of *Hill v. United States Postal Service,* 961 F.2d 153 (11th Cir.1992). *Hill* is distinct from the instant case, and therefore, this Court cannot apply its holding and reasoning to this case.

Plaintiff in *Hill* brought suit in a timely manner against the United States Postal Service as the sole defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–16(c). The District Court for the Northern District of Alabama granted the defendant's motion to dismiss the case based on the plaintiff's failure to name the proper defendant. *Hill,* 961 F.2d at 154. The district court then denied the plaintiff's motion to amend to name the proper defendant because the amendment would not relate back to the original date of filing the complaint. *Hill,* 961 F.2d at 154.

The Eleventh Circuit Court of Appeals reversed and remanded the district court's opinion. *Hill,* 961 F.2d at 156. The Eleventh Circuit held 1) that the plaintiff's motion to amend to name the proper defendant related back to the date of filing the original complaint, 2) that it was both just and practicable for the plaintiff to proceed against the properly named defendant, 3) that the amendment to the relation back rule of Fed. R.Civ.P. 15(c) could apply retrospectively to allow the relation back of the amendment to name the proper defendant, and 4) that manifest injustice would not result from the retrospective application of amended Rule 15(c). *Hill,* 961 F.2d at 156. The appellate court provided the rationale that the Advisory Committee stated its intention that the amendment to Rule 15(c) be applied retroactively and that the Supreme Court provided for retroactivity when it adopted the amended rule in its *Order Amending the Federal Rules of Civil Procedure,* 111 S.Ct. Preface 813 (April 30, 1991). *Hill,* 961 F.2d at 156.

Defendant argues in its "Response to Order of Remand for Decision in Light of *Hill v. United States Postal Service,* 961 F.2d 153 (11th Cir.1992)," that *Hill* does not change the holding of the Court in the instant case, but at most provides an alternative basis for dismissal which was not necessary to reach the ultimate conclusion under Fed.R.Civ.P. 4(j). (Docket No. 38). The Eleventh Circuit's decision, that amended Rule 15(c) should have retroactive application, Defendant argues, would not change the result in the instant case because it would not excuse Plaintiff's failure to serve the proper party within the required 120–day limitation period.

Defendant further asserts that the issue of notice required for the relation back of an amended complaint to the time of filing the original complaint according to Rule 15(c) is distinct from the issue of service of process upon the United States. Defendant cites to *Hill* where the Eleventh Circuit distinguishes the instant case from *Hill* based on the fact that in the instant case, unlike in *Hill,* the Plaintiff moved to amend her complaint to name a Defendant upon whom the

Plaintiff had made no service. *Hill,* 961 F.2d at 156.

Furthermore, Defendant argues that Plaintiff erred in relying on cases that allow the relation back of an amendment naming the correct party to the time of the filing of the original complaint and which suggest that relation back gives the cause of action a new life and remedies the service of process defect. Plaintiff's argument, according to Defendant, disregards the requirements of Fed. R.Civ.P. 4(d)(4) and 4(j). Defendant raises the additional issue that Plaintiff failed to show good cause as to why Plaintiff failed to serve the United States Attorney within the required 120–day period of the filing of the complaint under Fed.R.Civ.P. 4(j).

Plaintiff, in "Response to Order of Remand," conversely argues that the Eleventh Circuit's decision in *Hill* should alter the Court's decision in the instant case. Plaintiff first asserts that Defendant's argument regarding Plaintiff's failure to show good cause was neither the central issue of the Court's original decisions nor the dispositive issue on remand. According to Plaintiff, the issue before the Court on remand is whether the service requirements of Rule 4(d)(4) must be complied with during the original 120 day period to allow relation back of the amendment changing the name to the proper party.

Plaintiff argues that the issue of notice required under relation back of an amended complaint in Rule 15(c) is not distinct from the issue of service of process upon the United States. Plaintiff states and cites case law to support the argument that "the plain language of Rule 15(c) permits relation-back even in the face of deficient service under Rule 4." According to Plaintiff, the cases relied upon by Defendant do not support dismissal of Plaintiff's claim in the instant case. Plaintiff asserts that she has satisfied the requirements of Rule 15(c). Plaintiff urges the Court to reverse its order of dismissal and to enter an order reinstating Plaintiff's Federal Tort Claims action.

The Court agrees with Defendant that *Hill* does not change the holding of the Court's prior decisions in the instant case. For the reasons that follow, the Court affirms its original decisions. The Court finds Defen-

dant's arguments in its Response to Order of Remand for Decision in Light of *Hill v. United States Postal Service*, 961 F.2d 153 (11th Cir.1992) persuasive and adopts the Defendant's reasoning in its response. (Docket No. 38).

Defendant asserts that the Court was incorrect in its previous decisions because the Court did not allow the retroactive application of amended Rule 15(c) and therefore followed the applicable rationale in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). As the Court responded to Plaintiff in its Order Denying Motion for Rehearing and Reconsideration, Defendant, like Plaintiff, "is overlooking the basis for the holding which is that an action against the government where allowed is a waiver of sovereign immunity." *Hunt*, 787 F.Supp. at 201.

■ The suit in the instant case was brought by Plaintiff under the Federal Tort Claims Act which is a waiver of sovereign immunity and makes the government liable to the same extent as a private party for torts of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 812–13, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390, 397 (1971). The Supreme Court stated in its opinion in *Honda v. Clark* that it has "read procedural rules embodied in statutes waiving immunity strictly, with an eye to effectuating a restrictive legislative purpose when Congress relinquishes sovereign immunity." *Honda v. Clark*, 386 U.S. 484, 501–02, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244, 255 (1967). The Eleventh Circuit has upheld this proposition by stating that it reads the waiver of sovereign immunity in an FTCA action narrowly. *Maahs v. United States*, 840 F.2d 863, 866 n. 4 (11th Cir.1988); *Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir.1975). A strict construction is warranted in the instant case by the fact that the FTCA contains a governmental consent to a waiver of sovereign immunity which the government is not required to give. *Maahs*, 840 F.2d at 866 n. 4; *Hunt*, 787 F.Supp. at 199.

*Hill* is distinct from the instant case, because in *Hill*, the defendant did not face a waiver of sovereign immunity in the Title VII suit. *Hill*, 961 F.2d at 154. Title VII itself does not provide a waiver of the government's immunity from interest awards, but, rather, a separate statute can provide the requisite express waiver. *Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *Loeffler v. Frank*, 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988). Because Title VII does not contain a waiver of sovereign immunity, the Eleventh Circuit was able to read amended Rule 15(c) broadly and therefore allow the retroactive application of the rule. *Honda*, 386 U.S. at 501, 87 S.Ct. at 1197, 18 L.Ed.2d at 255.

Both Plaintiff and Defendant have stated in their Responses to Order of Remand that amended Rule 15(c) should apply retroactively and, both parties have presented opposing opinions regarding the relationship between Rules 15(c) and Rule 4. As the Court responded to Plaintiff in its original order, Plaintiff's and Defendant's reliance on amended Rule 15(c)(3) and its respective relationships with Rule 4:

> [Are] not justified in this matter since the complaint transpired under the pre-amended rules and within the amended rules there is no mention of their having a retroactive effect. The law in effect at the time of service continues to control the jurisdictional issue even though subsequent to that service and at the time of decision a new statute or amendment has been enacted.

*Hunt*, 787 F.Supp. at 199, citing *Benn v. Linden Crane Co.*, 370 F.Supp. 1269, 1270 (E.D.Pa.1973).

■ Even if the Court of Appeals were to apply amended Rule 15(c)(3) retroactively, this Court agrees with Defendant's proposition that *Hill* does not change the Court's original decision in this case. **In fact, the Eleventh Circuit itself, in *Hill*, distinguishes the instant case stating:**

> ***Hunt* is distinct from the instant case in that there plaintiff had moved to amend his complaint to name a new defendant upon whom no service had been made.... Here the Postmaster General has already been served.** (emphasis added)

*Hill,* 961 F.2d at 156. In *Hill,* the plaintiff correctly served the defendant within the required 120–day period from the day of filing the original complaint. *Id.*

In addition, the Court finds Plaintiff incorrect in her assertion that relation-back under Rule 15(c) is permitted even where deficient service exists under Rule 4. The plain language of amended Rule 15(c)(3) states that,

> an amendment of a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied **and within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits** ...
> (boldface emphasis added)

This language clearly articulates that a party cannot effectuate the relation-back of an amendment to a complaint if that party amending the complaint fails to complete the proper service required under Rule 4. Rule 4(j) requires service to be made:

> [U]pon a defendant within 120 days after the filing of the complaint and [if] the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Furthermore, the Advisory Committee Notes to the 1991 Amendments to Rule 15(c) state that a party may amend a complaint "if the notice requirement is met within the Rule 4(j) period." Fed.R.Civ.P. 15(c), Advisory Comm.Notes 1991 Amendments.

The Court agrees with Defendant in its argument that Plaintiff ignores the service of process requirements under Rules 4(d)(4) and 4(j) in its analysis of relation-back under 15(c)(3). Plaintiff relies on cases to support her argument which are inapplicable under the 1991 Amendment to Rule 15(c). In each of the cases cited by Plaintiff, the plaintiffs were allowed to amend their complaints un-

der Rule 15(c) even though the plaintiffs failed to correctly serve the proper parties within the 120–day period from the original date of filing as required under Rule 4. *Edwards v. United States,* 755 F.2d 1155 (5th Cir.1985); *McGuckin v. United States,* 918 F.2d 811 (9th Cir.1990); *Haamid v. United States Postal Service,* 754 F.Supp. 54 (E.D.Pa.1990). The respective courts in these cases allowed the plaintiffs to amend their complaints under Rule 15(c) in the face of deficient service because each of these cases arose and were decided prior to 1991 under pre-amended Rule 15(c) in which proper service of process under Rule 4(j) was not a requirement for the relation back of an amended complaint. The Court, therefore, agrees with Defendant's assertion that Plaintiff has erred in relying on cases which allow the relation-back of an amendment naming the proper party where the plaintiff has improperly effected service and in suggesting that relation-back remedies the service of process defect.

Defendant relies on cases which support the requirement of proper service under Rule 15(c)(3). The Court finds the cases cited by Defendant persuasive. Amending a complaint by adding a new named party does not obviate the necessity of complying with the service requirements for the initial complaint under Rule 4(d)(4). *McGregor v. United States,* 933 F.2d 156 (2nd Cir.1991). The Seventh Circuit similarly stated that

> [I]f a plaintiff fails to provide service within the required 120–day time period], the action 'shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion' absent a showing of good cause why service was not made within that period.

*Whitley v. United States Air Force, a Dept. of the United States of America,* No. 90–2498, slip op., 932 F.2d 971 (Table) (7th Cir. May 15, 1991). This Court may consider this case for persuasive value even though it is an unpublished order. *United States v. Rosenthal,* 763 F.2d 1291, n. 4 (11th Cir.1985). Therefore, the Court agrees with Defendant

that a party must effectuate proper service under Rule 4 in order for relation-back under Rule 15(c) to be proper.

### CONCLUSION

Absent good cause and proper service upon the Defendant, Rule 4(j) forces this Court to affirm its original decisions dismissing Plaintiff's complaint without prejudice and denying Plaintiff's motion for rehearing and reconsideration. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1158 (6th Cir.1991). In addition, because the Eleventh Circuit's decision in *Hill v. United States Postal Service* is distinct from the instant case in its holding and reasoning, this Court cannot apply *Hill* to this case to alter its original decisions. Accordingly, it is

**ORDERED** that the orders dismissing Plaintiff's complaint and denying Plaintiff's motion for rehearing and reconsideration (Docket Nos. 38 and 40) are **affirmed** after reconsideration of the instant case on remand in light of *Hill v. United States Postal Service*, 961 F.2d 153 (11th Cir.1992).