Mary HUNT, Plaintiff–Appellant,

v.

**DEPARTMENT OF the AIR FORCE,
a DIVISION OF the USA,
Defendant–Appellee.**

No. 93–2876.

United States Court of Appeals,
Eleventh Circuit.

Aug. 23, 1994.

---

Nancy A. Lauten, Tampa, FL, for appellant.

James R. Hilbert, Jr., Asst. U.S. Atty., Tampa, FL, for appellee.

Before BLACK, Circuit Judge, MORGAN and FAY, Senior Circuit Judges.

FAY, Senior Circuit Judge:

In her original complaint under the Federal Torts Claim Act ("FTCA"), Plaintiff, Mary

Hunt, incorrectly named the Department of Air Force, rather than the United States as defendant. Plaintiff also failed to effect service of process upon the United States within the applicable time period pursuant to Fed. R.Civ.P. 4(d)(4). Plaintiff's failure to name the United States, as the proper party defendant under the FTCA, was not lethal to her claim. However, Plaintiff's failure to effect service of process on the United States within 120 days of filing her complaint empowered the district court to dismiss her complaint pursuant to Fed.R.Civ.P. 4(j).

Although we find that the district court erred in denying Plaintiff's attempt to amend her complaint to name the United States as defendant, we AFFIRM the district court's dismissal of Plaintiff's complaint without prejudice for failure to effect proper service of process upon the United States within 120 days of filing the original complaint.

## I. FACTS

### A. Course of Proceedings and Disposition in the Court Below

Following the denial of her administrative claim, Plaintiff filed a complaint pursuant to the FTCA, 28 U.S.C. §§ 2671–2680, on March 12, 1991, in the United States District Court for the Middle District of Florida against the Department of Air Force. On July 10, 1991, Plaintiff filed a motion for entry of default by the clerk for failure to answer the complaint. Plaintiff's motion was denied on July 22, 1991.

On August 12, 1991, the district court, *sua sponte*, pursuant to Fed.R.Civ.P. 4(j), ordered Plaintiff to show cause why the action should not be dismissed without prejudice for

failure to effect service of process on the United States within 120 days of filing the complaint.[1] On August 23, 1991, in response to the order to show cause, Plaintiff recited that service of the complaint had been sent by mail on March 28, 1991, to the United States Attorney General and to Hervey Hotchkiss, Lieutenant Colonel, United States Air Force, Chief, Tort Branch. Plaintiff further stated that on or about April 5, 1991, and April 8, 1991, she had received return receipts, which were attached as Exhibit A.

On August 23, 1991, the Defendant filed a motion to dismiss asserting that the district court lacked subject matter jurisdiction because the United States of America, the proper party defendant, had not been served within 120 days of the filing of the complaint. Plaintiff filed her response to Defendant's motion to dismiss on August 30, 1991.

On September 9, 1991, Plaintiff filed a motion for leave to file an amended response to defendant's motion to dismiss. Defendant opposed Plaintiff's motion on September 19, 1991, based on Local Rule 3.01, United States District Court for the Middle District of Florida, which provides for only one response absent leave of court. On September 20, 1991, Plaintiff filed an amended response to Defendant's motion to dismiss without leave of court. Finding no substantial reason to allow Plaintiff to file an amended response, the district court denied Plaintiff's motion on September 27, 1991.

On September 12, 1991, 184 days after the Plaintiff filed her original complaint, the United States Attorney for the Middle District of Florida was served with a summons and copy of the complaint.[2] On October 2,

---

1. Fed.R.Civ.P. 4(j), presently known as Fed.R.Civ.P. 4(m), stated in pertinent part:
   If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

2. At the time of filing the original complaint, Fed.R.Civ.P. 4(d)(4) required service upon the United States be effected:

[B]y delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court **and** by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by

1991, Plaintiff filed her proof of service upon the United States Attorney for the Middle District of Florida. On November 25, 1991, Plaintiff filed a notice of filing relevant discovery along with argument. On December 3, 1991, Defendant filed its response in opposition to the notice, again asserting that the district court lacked subject matter jurisdiction.

On December 3, 1991, Plaintiff filed supplemental authority in opposition to Defendant's motion to dismiss and a motion for leave to file an amended complaint. On December 16, 1991, Defendant filed its response in opposition to Plaintiff's motion for leave to file an amended complaint. On March 6, 1992, the district court granted the Defendant's motion to dismiss and denied Plaintiff's motion for leave to file an amended complaint. *Hunt v. Dept of the Air Force,* 787 F.Supp. 197 (M.D.Fla.1992). The district court stated, "Absent good cause and proper service upon the Defendant, Rule 4(j) forces this court to dismiss Plaintiff's complaint without prejudice." *Id.* at 200. On March 12, 1992, Plaintiff filed a request for reconsideration which was denied by the district court on March 20, 1992.

On April 7, 1992, Plaintiff appealed the district court's order of dismissal. On appeal, Plaintiff conceded that she had named the wrong party and had not properly served the United States within 120 days of filing the complaint. Defendant conceded that the district court had erred in ruling that the December, 1991 amendment to Fed.R.Civ.P. 15(c) could not be applied retroactively, stating that Plaintiff should have been permitted to amend her complaint. On March 4, 1993, this Court remanded this action to the district court for reconsideration in light of its decision in *Hill v. United States Postal Service,* 961 F.2d 153 (11th Cir.1992).

On remand, the parties maintained essentially the same positions as in the first appeal. Defendant, while conceding that amended Fed.R.Civ.P. 15 should be give retroactive effect, argued that it would not change the result below as service of process had not been effected within 120 days of filing the initial complaint. Plaintiff contended that the issue before the court was whether the service of process requirement of Fed.R.Civ.P. 4(d)(4) had to be complied with within the original 120 day period in order to allow relation back of the name changing amendment. It was her position that the plain language of Fed.R.Civ.P. 15(c) permitted relation back even in the face of deficient service under Fed.R.Civ.P. 4(d)(4).

The district court's order on remand was entered on July 1, 1993. *Hunt v. Department of Air Force,* 149 F.R.D. 657 (M.D.Fla. 1993). The court determined that the reasoning in *Hill* was, "distinct from the instant case, and therefore, this Court cannot apply its holding and reasoning to this case." *Id.* at 658. The district court distinguished *Hill* by stating that *Hill* was a Title VII case that did not involve a waiver of sovereign immunity. The court stated that because Title VII does not contain a waiver of sovereign immunity, the Eleventh Circuit was able to read amended Rule 15(c) broadly and allow the retroactive application of the rule. *Id.* The court continued stating, "[e]ven if the Court of Appeals were to apply amended Rule 15(c)(3) retroactively, ... *Hill* does not change the Court's original decision in this case." *Id.*

The district court rejected the Plaintiff's claim that relation back under Rule 15(c) was permitted even though deficient service existed under Rule 4. The court ruled that the language in Rule 15(c) "clearly articulates that a party cannot effectuate the relationback of an amendment to a complaint if that party amending the complaint fails to complete the proper service required under Rule 4." *Hunt,* 149 F.R.D. at 661. The court declared that each of the cases relied upon by the Plaintiff were inapplicable because "each of these cases arose and were decided prior to 1991 under the pre-amended Rule 15(c) in which proper service of process under Rule 4(j) was not a requirement for the relation-back of an amended complaint." *Id.*

Instead, the court agreed with reasoning espoused by the Defendant, stating that

registered or certified mail to such officer or agency.

(Emphasis supplied).

"[a]mending a complaint by adding a new named party does not obviate the necessity of complying with the service requirements for the initial complaint under Rule 4(d)(4)." *Id.* The court concluded "that a party must effectuate proper service under Rule 4 in order for relation-back under Rule 15(c) to be proper." *Id.* at 662. The court affirmed its original decisions dismissing Plaintiff's complaint without prejudice and denying Plaintiff's motion for rehearing and reconsideration. *Id.* Plaintiff's second appeal followed the dismissal.

### B. The Underlying Complaint

Plaintiff was injured after grocery shopping at the commissary located at MacDill Air Force Base. In her complaint she alleges that on July 27, 1989, a grocery bagger carried and placed Plaintiff's groceries next to her vehicle in a negligent manner. Plaintiff fell over the bags of groceries and was injured about her body and extremities. In addition, the complaint alleges that the negligent condition and the actions of the unsupervised baggers were known to the Defendant and had existed for a sufficient length of time so that the Defendant should have known of that condition.

## II. DISCUSSION

### A. Standard of Review

■ The standard of review is whether the district court abused its discretion in dismissing Plaintiff's case without prejudice. *In Re Tom C. Cooper,* 971 F.2d 640 (11th Cir.1992); *Prisco v. Frank,* 929 F.2d 603 (11th Cir. 1991); *Schnabel v. Wells,* 922 F.2d 726 (11th Cir.1991).

### B. Analysis

■ The FTCA is a precise congressional exception to the general rule of sovereign immunity. *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir.1994). The FTCA provides a remedy for those who suffer injury or loss of property, personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government acting within the scope of

his or her office or employment. 28 U.S.C. § 2679. Sovereign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and should not be expanded nor constricted by the courts. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979).

A complaint filed pursuant to the FTCA must be filed within six months of the denial of the administrative claim. 28 U.S.C. § 2401(b). An action under the FTCA must name the United States as the defendant. 28 U.S.C. § 2679. Fed.R.Civ.P. 4(j) requires service of the summons and complaint be made upon a defendant within 120 days after the filing of the complaint. At the time of the original complaint, Fed.R.Civ.P. 4(d)(4) required service of process on the United States be effected by delivering a copy of the summons and complaint to the United States attorney, or other specified individuals, for the district in which the action is brought and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, District of Columbia.

■ Plaintiff timely filed her complaint on March 12, 1991, the final day for challenging the denial of her administrative claim. In her original complaint she incorrectly named the Department of the Air Force, rather than the United States, as Defendant. To effect service of process, Plaintiff mailed her complaint to the United States Attorney General and to Hervey Hotchkiss, Lieutenant Colonel, United States Air Force, Chief, Tort Branch, on March 28, 1991. It was not until September 12, 1991, 184 days after the filing of the original complaint, that service of process was properly effected on the United States by the additional service upon the United States Attorney for the Middle District of Florida. We find, therefore, that the district court did not abuse its discretion in dismissing Plaintiff's complaint without prejudice pursuant to Fed.R.Civ.P. 4(j). We do, however, find error in that portion of the district court's order regarding the retroactive application of Fed.R.Civ.P. 15(c).[3]

---

**3.** Amended Fed.R.Civ.P. 15(c), effective December 1, 1991, provides, in pertinent part:

588

## C. Retroactive Application of Amended Fed.R.Civ.P. 15(c)

This Court has previously stated that the December 1, 1991 amendment to Fed. R.Civ.P. 15(c), should be applied retroactively. *Hill v. United States Postal Service*, 961 F.2d 153 (11th Cir.1992). For purposes of this appeal, the effect of the amendment extends the time period in which notice may be given. Prior to December 1, 1991, the six month limitation period provided by the FTCA would have controlled. 28 U.S.C. § 2401(b). Under the amended version of Fed.R.Civ.P. 15(c), notice may be effected within 120 days from the date of the filing of the complaint to allow relation back of an amendment to the complaint. Because the United States Attorney General had notice of the action before the expiration of the 120 day period provided for under Fed.R.Civ.P. 15(c), Plaintiff's attempt to amend her complaint to name the United States as the proper party defendant should have been permitted.

■■ Notice to the United States required for relation back of an amended complaint to the time of the filing of the original complaint under Fed.R.Civ.P. 15(c) is distinct from service of process upon the United States. The notice provision for a relation back in time for an amendment pursuant to Fed.R.Civ.P. 15(c), is couched in the disjunctive:

> delivery **or** mailing of process to the United States Attorney, **or** the United States Attorney's designee, **or** the Attorney General of the United States, or an agency or officer. . . .

An amendment of a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision [that the claim or defense asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading] is satisfied **and,** within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or

(Emphasis supplied). On the other hand, service of process pursuant to Fed.R.Civ.P. 4(d)(4), is couched in the conjunctive:

> by delivering a copy of the summons and of the complaint to the United States Attorney . . . **and** by sending a copy of the summons and of the complaint by registered mail or certified mail to the Attorney General of the United States. . . .

(Emphasis supplied).

A plain reading of the contrasting requirements of the rules demonstrates that notice and service of process are entirely different. Although the Attorney General of the United States received notice of the cause of action within the limitations period to allow relation back under Fed.R.Civ.P. 15(c), Fed.R.Civ.P. 4(j) required dismissal without prejudice because Plaintiff failed to complete the service upon the United States within 120 days of the filing of the original complaint (the United States Attorney for the Middle District of Florida was not served until the 120 day period had long expired).

■ We find the error occasioned by the district court's denial of Plaintiff's request to amend her complaint harmless. As the district court itself reasoned, even when the rule is applied retroactively, and the Plaintiff permitted to amend her complaint, the complaint was still properly dismissed without prejudice for failure to complete service of process upon the United States within 120 days of the filing of the complaint. Plaintiff's proposed amendment to her complaint would have merely placed Plaintiff in the same procedural posture as if she had properly named the United States as defendant at the outset. Allowing the amendment would only

should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

(Emphasis supplied).

cure her failure to name the correct party and would not breath new life into her procedurally defaulted claim.

### III. CONCLUSION

Because Plaintiff's complaint was properly dismissed without prejudice for failure to properly effect service of process upon the proper party defendant, any error committed by the district court in disallowing an amendment which does not cure the defective service, cannot be said to be an abuse of discretion. While the dismissal without prejudice operates as a harsh result in this case where the limitation period has expired, we find our decision required by binding Eleventh Circuit precedent and the Federal Rules of Civil Procedure.

AFFIRMED.