EQUITY HERNANDO WOODS, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 93–1104–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

May 22, 1995.

Catherine Peek McEwen, Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for plaintiff.

Philip Doyle, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

The cause is before the Court on defendant's motion for summary judgment, filed February 15, 1995 (Docket Nos. 27–29), and response thereto, filed April 7, 1995 (Docket Nos. 31–32).

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railway Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274. As the district court in *Coghlan v. H.J. Heinz Co.*, 851 F.Supp. 808 (N.D.Tex.1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion," ... the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence of evidence not significantly probative will not defeat a properly supported summary judgment ... The existence of a mere scintilla of evidence will not suffice ... (cites omitted) at 810–811.

This case commenced on July 8, 1993, with the filing of a "Complaint for Return of Property" by the plaintiff. The complaint stated the following: 1) the claim is pursuant to the Internal Revenue Code for return of property wrongfully delivered by a third party to the defendant; 2) the plaintiff owned the proceeds in a certain bank account formerly titled in the name of Aurora Investments, Inc. and maintained at First Union National Bank in Largo, Florida, account

number 14806069215; 3) the plaintiff's interest was acquired pursuant to a state court judicial foreclosure sale and Amended Certificate of Title, issued December 16, 1991; 4) in January 1992, the Internal Revenue Service (IRS) District Office in Jacksonville, Florida issued a levy against the property of a taxpayer known as Hernando Woods, a Florida general partnership and an entity distinct from and unrelated to plaintiff; and 5) by mistake or oversight, and in derogation of the rights of the plaintiff in the proceeds of the account, First Union National Bank erroneously delivered $22,335.62 to the defendant from plaintiff's account. Plaintiff seeks return of this money, minus $1,534.72 (plus $92.02 interest) which was returned to the plaintiff by the defendant.

The defendant has now moved for summary judgment on the ground that it has not waived sovereign immunity because the statute of limitations expired prior to the filing of the complaint. The defendant asserts the following to be material facts as to which there is no genuine issue:

1. The IRS mailed a notice of levy to the First Union National Bank of Florida, 5250 E. Bay Drive, Clearwater, Florida, on January 16, 1992, to collect a tax liability of Hernando Woods, in the amount of $20,-800.90.

2. The levy was received by the bank, at the Clearwater location, on January 22, 1992, and was sent by facsimile that date to the bank's central levy processing unit. (See Ex. A, Docket No. 29).

3. The bank honored the levy on January 23, 1992, by remitting $20,800.90 to the United States.

4. The plaintiff here is not the taxpayer who is the subject of the levy.

5. The plaintiff does not allege the date of any administrative claim for the return of the funds.

Attached to the defendant's Exhibit A, is the acknowledgement and results form which was completed by the bank, Form 668–A. That form indicates that the levy was received on January 23, 1992.

In response, the plaintiff, through the affidavit of its counsel Catherine Peek McEwen (Docket No. 31) alleges the following "facts":

1. By letter of October 23, 1992, Ms. McEwen made a claim on behalf of the plaintiff for a return of the funds in question. The original of this letter is with the IRS; Ms. McEwen has misplaced her copy, and the defendant received a copy of the letter, and mail receipt, on October 21, 1994.

2. The plaintiff has not received any notice of disallowance of the claim of October 1992 from the IRS.

Attached to the affidavit is a copy of a letter from George A. Green, Chief Advisory Unit Special Procedures Function, IRS, dated January 4, 1993. The letter refers to the plaintiff's "claim for wrongful levy dated October 23, 1992."

■■■ As a sovereign, the United States is immune from suit except where it has specifically been waived and may be sued only to the extent of an unequivocal waiver. *United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *Overton v. United States,* 925 F.2d 1282 (10th Cir.1991). Any waiver should be strictly construed, including any applicable limitations period, and the courts should neither expand nor restrict the waiver. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Hunt v. Air Force,* 29 F.3d 583 (1994). Furthermore, the party bringing a cause of action against the sovereign bears the burden of showing that there is a waiver of its immunity from suit. *Baker v. United States,* 817 F.2d 560 (9th Cir.1987). If this action was filed outside of the statutory time limits, there is no valid waiver of immunity and the defendant must be found free from suit.

The parties agree that the applicable statute of limitations related to this cause of action is found at 26 U.S.C. § 6532(c), "Suits by persons other than taxpayers", which states:

(1) **General rule.**—Except as provided by paragraph (2), no suit or proceeding under section 7426 [the wrongful levy action, as filed here] shall be begun after the expira-

tion of 9 months from the date of the levy or agreement giving rise to such action. **(2) Period when claim is filed.**—If a request is made for the return of property described in section 6343(b), the 9–month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

The limitations period is extended if the party claiming an interest in the levied property files an administrative request for the return of the property within the initial nine (9) month period of subsection 1. The parties agree that the nine (9) month period begins running from the date of delivery to the person to be served of the notice of levy, when the levy is served by mail. However, they disagree as to what is the date of delivery to the person to be served.

■ The government's own form indicates the date of delivery as January 23, 1992. The plaintiff asserts that this official record is the date which should be relied on; otherwise, it would have been required to discern another date by some type of clairvoyance. The Court must agree.

The official records of the defendant, as evidenced by Exhibit A, indicate the date of January 23, 1992, as the date of delivery. The Court finds that the plaintiff should be able to rely on those official records when determining when the statute of limitations would expire. There is no evidence that the plaintiff had any way of knowing that the date of delivery was otherwise than that listed on the official records of the IRS.

The plaintiff filed its administrative claim on the last day for filing a claim, as evidenced by the IRS's letter of January 4, 1993 (exhibit to Docket No. 31). Thereby, the statute of limitations was extended, pursuant to 26 U.S.C. § 6532(c)(2).

Pursuant to subsection 2, the plaintiff had either twelve (12) months from the date of the filing of the request for the return of property or six (6) months from the date of a certified or registered notice of disallowance of the request addressed in this action, whichever is shorter. The twelve (12) month period would have expired on October 23, 1993, whereas the six (6) month period of time from the disallowance letter would have expired on July 4, 1993. Therefore, the July 4, 1993, date is to be applied under the statute because it is the shorter of the two dates. The plaintiff readily admits that it did not file this action until July 6, 1993, the first business day after the expiration date, which fell on a Sunday.

The plaintiff, without citing *any* authority, claims that the filing on the 6th of July is within the statute of limitations, because the last day for filing fell on a Sunday, followed by a Monday holiday. The Court cannot agree.

■ It is clearly established that a statute of limitations generally cannot be extended when it involves the extension of the sovereign's agreement to be sued without the agreement of the sovereign, the Congress.

> Time and again, in an abundance of cases, it has been held that the time within which a suit must be brought against the United States under the provisions of a federal statute is strictly a condition of the remedy given. The prescribed period after the disallowance of a claim within which suit must be brought is a substantive jurisdictional requirement which need not be specially pleaded. (citations omitted)

*Gallion v. United States*, 389 F.2d 522, 524 (5th Cir.1968).

The Court has searched extensively to determine whether or not the Federal Rules of Civil Procedure can be utilized to extend the jurisdictional requirement; this is essentially the argument of the plaintiff. The Court concludes that the Rules may not be so utilized.

■ Absent a clear congressional waiver of sovereign immunity, this Court has no jurisdiction over claims against the United States. *Stanton v. United States*, 434 F.2d 1273 (5th Cir.1970). In fact:

It is well established that the time limitations enacted by Congress in statutes which waive governmental immunity are to be strictly construed in favor of the government. The government yields no more in waiving sovereign immunity than it clearly intends to yield. While it is often recognized that statutes of limitations may be waived or tolled on various equitable considerations when they apply to suits between private individuals (cites omitted), such is not the case in statutes of limitations created by the sovereign when waiving its sovereign immunity.

*Goff v. U.S.,* 659 F.2d 560, 561. In light of the restrictions on suit against the government, the Rule of Civil Procedure cannot authorize this Court to enlarge its jurisdiction. *Mulhens v. Higgins,* 55 F.Supp. 42 (S.D.N.Y.1943).

■ The Court finds distasteful the government's refusal to return the plaintiff's money, when they readily admit that the plaintiff was not the taxpayer who owed the money. In other words the money was taken from an innocent taxpayer rather than from the taxpayer who was in fact in debt to the IRS. Despite the Court's distaste, however, there appears to be no other solution except to rule in favor of the defendant. The plaintiff clearly waited too long, pursuant to the case law and the statute, to seek judicial resolution of this situation. Whether that delay was two (2) days or two (2) years it does not affect the outcome. The statute of limitations expired on July 4, 1993, and was not extended by the fact that that date was a Sunday and that the next day was a federal holiday. The plaintiff is simply out of time, out of luck, and, unfortunately, out of more than $20,000.00. Accordingly, it is

**ORDERED** that the defendant's motion for summary judgment (Docket No. 27) be **granted** and the Clerk of the Court be **directed** to enter judgment for the defendant pursuant to this order.

**DONE and ORDERED.**