**Luis ORLANDO ROSARIO, Plaintiff,**

v.

**Ismael BETANCOURT LEBRON,
et al., Defendants.**

**Civ. No. 90–1482 HL.**

United States District Court,
D. Puerto Rico.

Sept. 24, 1992.

Francisco M. Dolz–Sanchez, San Juan, P.R., for plaintiff.

Mabel Ramon–Millan, Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is a motion by codefendants Héctor Laureano Rivas ("Laureano"), Miguel Pagán ("Pagán"), and Edwin Rosario Franguie ("Rosario") to dismiss this section 1983 [1] action against them on the grounds that it is time-barred. In order to address their motion, a chronology of the pertinent events in the processing of this claim is necessary.

The incident which gave rise to this action, an alleged attack by a police officer on plaintiff, took place on April 2, 1989. On April 2, 1990, plaintiff filed his complaint against Ismael Betancourt Lebrón, Enrique Meliá León, Emilio E. Valentín Colón, José H. Marrero Pizarro, John Doe, and Richard Roe. On October 18, 1991, plaintiff tendered an amended complaint. It was ac-

---

1. 42 U.S.C. § 1983.

cepted by the Court and entered on October 24, 1991. In the amended complaint, plaintiff added the names of Laureano, Pagán, and Rosario—the three codefendants who appear in the motion presently before the Court. Laureano, Pagán, and Rosario were served between November 18 and 25, 1991, more than two and a half years after the incident giving rise to this action. On February 12, 1992, these defendants filed the present motion to dismiss, asserting that they had not been timely noticed of this action, pursuant to Fed.R.Civ.P. 15(c). Plaintiff did not respond to this motion. On August 5, 1992, the Court issued an order noting that Fed.R.Civ.P. 15(c)(3), on which defendants base their argument, had been amended effective December 1, 1991. The Court granted plaintiff until August 17, 1992 to address what effect, if any, this amendment had on the motion to dismiss. Failure to respond would result in the Court considering defendants' motion to be unopposed. To date plaintiff has not filed a response to either defendants' motion to dismiss or the Court's order of August 5. Accordingly, the Court considers defendants' motion to be unopposed.

## STANDARD

■ The pertinent part of the amendment to Fed.R.Civ.P. 15(c) reads as follows:

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

\* \* \* \* \* \*

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) [2] for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

This amendment to Rule 15(c)(3) requires that a newly named party either receive notice of the suit or become aware of a misidentification in the pleadings within 120 days of the filing of the original complaint. *Hill v. U.S. Postal Service*, 961 F.2d 153, 155 (11th Cir.1992).

■ The original complaint in this case was filed on April 2, 1990. Laureano, Pagán, and Rosario claim in their motion that they were not timely noticed of this action. As stated above, plaintiff has not opposed this motion. The only evidence of notice to these three defendants is the service upon them that was made in November of 1991—19 months after the original complaint was filed. Laureano, Pagán, and Rosario were not timely noticed of this case pursuant to Federal Rules 15(c) and 4(j). Accordingly, the Court grants their motion to dismiss.

The Court notes that the amendment to Federal Rule 15(c)(3) took effect on December 1, 1991, after Laureano, Pagán, and Rosario were served and before they filed their motion to dismiss. The Supreme Court intended that, "insofar as just and practicable" this amendment govern all actions pending as of December 1, 1991. *Amendments to Federal Rules of Civil Procedure*, 111 S.Ct. Preface 813 (April 30, 1991). Because the trial has not yet been held in this case, the Court finds that it is just and practicable to apply the amendment to Rule 15(c)(3). *See Freund v. Fleetwood Enterprises, Inc.*, 956 F.2d 354, 363 (1st Cir.1992) (It was not appropriate to retroactively apply the amendment to Rule 15(c)(3) because the trial in the case had already been held).

■ Moreover, if the Court were to apply the standard that governed prior to the amendment, the same result would be reached. Under old Rule 15(c)(3), an amended complaint may add a new party only when the new party receives notice of

---

**2.** Amended Rule 4(m) is now Rule 4(j). It provides that service on defendants be made within 120 days of the filing of the complaint.

the lawsuit within the statute of limitations period. *Freund,* 956 F.2d at 361. The statute of limitations for section 1983 cases brought in the federal district court of Puerto Rico is one year. *Ayala Serrano v. Lebron Gonzalez,* 909 F.2d 8, 12 (1st Cir. 1990). The incident which gave rise to this action took place on April 2, 1989. Thus, the statute of limitations ran on April 2, 1990. Laureano, Pagán, and Rosario were not served until November 1991, well after the statute of limitations period had run out. Accordingly, under old Rule 15(c)(3), this Court would reach a similar result and grant this motion to dismiss.

WHEREFORE, the Court grants the motion to dismiss filed by codefendants Héctor Laureano Rivas, Miguel Pagán, and Edwin Rosario Franguie. This action remains as against Ismael Betancourt Lebrón, Emilio Valentín Colón, José Marrero Pizarro, and Marine Ramos Robles. Judgment shall be entered accordingly.

IT IS SO ORDERED.