**Kenneth WHITE, Plaintiff,**

**v.**

**STEAK & ALE OF LITTLE ROCK, INC.,**
**d/b/a Bennigan's, Defendant.**

**No. LR–C–93–34.**

United States District Court,
E.D. Arkansas, W.D.

Dec. 10, 1993.

Willard Proctor, Jr., Little Rock, AK, for Kenneth White, plaintiff.

Kathlyn Graves, Wright, Lindsey & Jennings, Little Rock, AK, for Steak & Ale of Little Rock, Inc., defendant.

---

## MEMORANDUM OPINION AND ORDER

SUSAN WEBBER WRIGHT, District Judge.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 as amended and 42 U.S.C. §§ 1981 and 1982. Now before the Court is defendant's motion for partial summary judgment to which plaintiff has responded. Defendant filed a reply to the response. Upon review of the motion, Statements of Material Facts, response, reply, and briefs, the Court finds that the motion should be denied.

Plaintiff's right-to-sue letter was dated October 16, 1992. It is disputed whether plaintiff received the letter on October 17, 1992, but someone did sign for it on that date. On January 14, 1993, 89 days after he allegedly received the right-to-sue letter, plaintiff filed an application to proceed in forma pauperis. His application was granted and filed on January 19, 1993, as was plaintiff's complaint. Defendant seeks summary judgment, asserting plaintiff's Title VII claims are untimely because the complaint was not filed until 94 days after plaintiff received his right-to-sue letter. Plaintiff argues his complaint was timely because he tendered it to the clerk along with his in forma pauperis form on January 14th. Plaintiff then filed a first amended and substituted complaint on May 10, 1993. Defendant contends that even if plaintiff's original complaint is timely, his amended complaint is not.

Defendant asserts that the filing of plaintiff's application to proceed in forma pauperis within 90 days of receipt of his right-to-sue letter does not save his Title VII claim. In support of its argument, defendant cites *Mumphrey v. James River Paper Co.*, 777 F.Supp. 1458 (W.D.Ark.1991), where the court found that an in forma pauperis application alone could not be construed as a complaint for purposes of the rule that an action must be filed within 90 days of the dismissal of the charge by the EEOC. In that case, however, there was no assertion that the complaint accompanied the application to proceed in forma pauperis. Here, plaintiff maintains his complaint was tendered along with his application to proceed as a pauper. It is the procedure in this court for an application to proceed as a pauper to be accompanied by the complaint so the court may review the allegations of the complaint in order to make a determination as to whether plaintiff may proceed as a pauper. *See* 28 U.S.C. § 1915(d) (court may dismiss case if it finds action is frivolous or malicious).

The statutory time periods for filing Title VII actions are not jurisdictional but instead are subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). The Court finds that for purposes of the 90–day limitations period, plaintiff's complaint was filed on the date it was presented to the clerk's office along with his application to proceed in forma pauperis.

Defendant argues that even if the Court determines that plaintiff timely filed his original complaint, the action was untimely as to it. In his original complaint, plaintiff named S & A Restaurant Corp., d/b/a Bennigan's as the defendant. An amended and substituted complaint was filed against the correct defendant, Steak and Ale of Little Rock, Inc., d/b/a Bennigan's, on May 10, 1993. Defendant states it did not receive notice of the January 19, 1993 complaint within the 90–day limitations period and, therefore, the amended complaint would not relate back under Fed.R.Civ.P. 15(c).

In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court dismissed a libel suit because the proper defendant had not received notice within the statutory period for commencing an action against it. The Court held that imputing notice to a subsequently named and sufficiently related party is proper only when the plaintiff has timely filed a complaint and has given proper notice within the limitations period to the party named in that complaint. In 1991, Fed.R.Civ.P. 15(c)(3) was revised to change the result of *Schiavone* with respect to the problem of a misnamed defendant. The 1991 rule reads as follows:

An amendment of a pleading relates back to the date of the original pleading when

\* \* \* \* \* \*

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Advisory Committee Note of 1991 to Rule 15(c) states:

Paragraph (c)(3). This paragraph has been revised to change the result in *Schiavone v. Fortune, supra,* with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clause (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification. On the basis of the text in of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8. [Citations omitted.] [1]

Defendant alleges it had no notice that plaintiff had instituted this action and had no basis for knowing that, but for a mistake, the action would have been brought against it. The Court notes, however, that plaintiff filed his first amended complaint on May 10, 1993, within 120 days of the date he filed his original complaint. Thus, the defendant received notice of the action within the period provided by Rule 4 for service of the summons and complaint when it was served the amended complaint. *See Hill v. United States Postal Service,* 961 F.2d 153 (11th Cir.1992) (plaintiff satisfied amended Rule 15(c)(3) because defendant received notice of suit when he was served a copy of the summons and first amended complaint less than 120 days after the filing of the original complaint). In addition, because Bennigan's was a party to plaintiff's EEOC complaint, defendant should have known that, but for a mistake, the action would have been brought against it.

IT IS THEREFORE ORDERED that defendant's motion for partial summary judgment be and is hereby denied.

---

1. At the time of its note, the Committee anticipated that Rule 4 would also be amended, hence its reference to 4(m). The proposed amendment was not adopted and Rule 15(c)'s reference to Rule 4(m) was revised to reference Rule 4(j). The 1993 rules do amend Rule 4 so that the time for serving a summons and complaint is now contained in Rule 4(m).