**Carol SHAW–CAMPBELL, Plaintiff,**

**v.**

**Marvin T. RUNYON, as Postmaster General of the United States, et al., Defendants.**

**Civ. A. No. 94–D–1594–N.**

United States District Court, M.D. Alabama, Northern Division.

April 17, 1995.

Carol Shaw–Campbell, pro se.

Redding Pitt, U.S. Atty. and Ann Ashton Holmes, Asst. U.S. Atty., Montgomery, AL, for defendants.

**1112**

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is before the court on the defendants' motion filed March 27, 1995, seeking dismissal of the complaint as to defendants Paul Kennedy and Lassie Woolfolk, employees of the United States Postal Service. As grounds for dismissal, the defendants assert that in a suit alleging employment discrimination against the United States Postal Service, the proper defendant is the Postmaster General of the United States, not his agents and/or employees. The plaintiff filed a response on April 12, 1995. For the following reasons, the court finds that the defendants' motion is due to be granted.

### JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue.

### STANDARD OF REVIEW

When ruling on a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Fed.R.Civ.P. 12(b)(6). Assuming that the facts are true, a complaint may be dismissed under *Federal Rule of Civil Procedure* 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984).

### FACTS

Construing all the allegations of the complaint as true, the court finds the following facts controlling: The plaintiff, who is proceeding *pro se*, commenced this action on December 14, 1994, alleging a violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*[1] The plaintiff is employed by the United States Postal Services. As a result of a dog bite injury suffered by the plaintiff and physician's recommendation, the plaintiff was relegated to limited duty status. To accommodate the plaintiff's work restrictions, her employer transferred her from Lagoon Park Station in Montgomery, Alabama to the General Mail Facility also in Montgomery. The alleged acts of discrimination, discussed *infra*, occurred on May 16, 1992, while the plaintiff was working at Lagoon Park Station.

The named defendants are: (1) Postmaster General Marvin T. Runyon; (2) Paul Kennedy (hereafter "Kennedy"), the station manager at Lagoon Park Station; and (3) Lassie Woolfolk (hereafter "Woolfolk"), a supervisor at Lagoon Park Station. The plaintiff avers that the defendants discriminated against her based upon her physical disability. Specifically, the plaintiff contends that Kennedy verbally abused her for being on limited duty status and prohibited her from receiving a mail delivery route by interfering with the bidding process. As to Woolfolk, the plaintiff alleges that he compelled her to perform job functions outside her work restrictions. As a result of the defendants' actions, the plaintiff contends that she has suffered a "mental disability," i.e., "post traumatic stress disorder," *see* Pl.'s Compl. at ¶ 4, and seeks $300,000 in compensatory damages.

On May 6, 1993, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC"). Subsequently, on October 30, 1994, the plaintiff received from the EEOC notice of the right to sue.[2]

1. While the plaintiff does not specifically make reference to the provisions of the Rehabilitation Act, the alleged discriminatory acts of which the plaintiff complains clearly fall within the ambit of said Act. Accordingly, the court construes the facts in the complaint as alleging a violation of the Rehabilitation Act.

2. *See Doe v. Garrett*, 903 F.2d 1455 (11th Cir. 1990), *cert. denied*, 499 U.S. 904, 111 S.Ct. 1102, 113 L.Ed.2d 213 (1991) (holding that a federal employee must exhaust administrative remedies before bringing a lawsuit under the Rehabilitation Act).

## DISCUSSION

The Rehabilitation Act of 1973 (hereafter "Act"), § 504, as amended, 29 U.S.C. 794(a), prohibits the United States Postal Service from discriminating against employees on the basis of a disability:

No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination ... by the United States Postal Service.

Section 794a(a) of the Act further provides that the remedies and procedures of Title VII[3] shall apply when an aggrieved employee brings a disability discrimination claim against the United States government. *See Garrett,* 903 F.2d at 1459.

■ The procedures of Title VII state that in an employment discrimination action against the United States, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). The Postmaster General is the head of the United States Postal Service. *See Hill v. United States Postal Serv.,* 961 F.2d 153, 156 (11th Cir.1992). Thus, the court concludes, as the defendants urge, that the Postmaster General is the only proper party-defendant in this case. The remaining defendants, therefore, are due to be dismissed.

## CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that defendants Paul Kennedy and Lassie Woolfolk be and the same are hereby DISMISSED from the above-styled case.

**3.** Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e–17, as amended

by the Civil Rights Act of 1991, 42 U.S.C. § 1981a.