McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
The Florida School for the Deaf and the Blind (School) appeals from an order of the Public Employees’ Relations Commission (PERC) finding that it had committed an unfair labor practice by unilaterally altering the workday and planning time of its academic personnel. We affirm.
The Board of Trustees of the School (Board) is the public employer with respect to the academic and administrative personnel of the School. The Florida School for the Deaf and the Blind, Teachers United, FTP-NEA (Union) is the certified collective bargaining agent for that personnel. The two organizations are parties to a collective bargaining agreement effective from 1 July 1983 to 30 June 1986, with annual reopeners on compensation, insurance benefits, supplements and any two articles chosen by each party.
In April 1984, an impasse was reached in negotiations for the 1984-85 school year and resolution proceedings were commenced in July. The Board rejected the resulting special master’s report and, as a consequence, was required by Section 447.-403(4) to submit the dispute to its “legislative body” for resolution. Section 447.-203(10) defines legislative body specifically as the state legislature, the board of county commissioners, the district school board or the governing body of a municipality and generally as “the governing body of an instrumentality ... having authority to appropriate funds and establish policy governing the terms and conditions of employment.”
Earlier in the negotiations, a dispute had arisen between the Union and the Board concerning the identity of the appropriate legislative body for dispute resolution. A petition for declaratory statement had been filed by the Union seeking a declaration that the proper legislative body was the state legislature; the Board contended that it itself was the legislative body. In September 1984, while the petition was pending, and over the objection of the Union, the Board sat as the legislative body. It extended the workday from 7 to 7V2 hours and altered the amount of available planning time.
The Union filed a “charge against employer” pursuant to Rule 38D-21.01, Florida Administrative Code, alleging that the Board’s unilateral alteration of the hours, terms and conditions of employment of School employees violated Sections 447.-501(l)(a) and (c) and was therefore an unfair labor practice. Following the submission of memoranda, PERC issued its proposed order finding that the state legislature was the Board’s legislative body. The final order confirmed this conclusion and held that the Board had therefore committed an unfair labor practice by its unilateral action; neither was that action held justified by exigent circumstances. Pursuant to Section 447.503(6)(a), the Board was ordered to restore the status quo, provide back pay for the unauthorized time worked, treat the state legislature as its legislative body and pay the Union’s attorney’s fees. We affirm PERC’s action in all respects.
Absent a clear and unmistakable waiver by the certified bargaining representative, exigent circumstances requiring immediate action, or legislative action imposed as a result of impasse, a public employer’s unilateral alteration of wages, hours or other terms and conditions of employment of employees represented by a certified bargaining agent constitutes a per se violation of Sections 447.501(l)(a) and (c). Leon County Police Benevolent Ass’n. v. *60 City of Tallahassee, 8 FPER para. 13400 (1982), affd. City of Tallahassee v. Leon County Police Benevolent Ass’n., Inc., 445 So.2d 604 (Fla. 1st DCA 1984).
The School argues first that its unilateral action was justified as legislative action resulting from impasse. However, Section 447.203(10) clearly defines legislative body as “the governing body of an instrumentality ... having authority to appropriate funds.... ” This court has held that the appropriations authority is an essential element of legislative body status. United Faculty of Florida, FEA/United, AFT, AFL-CIO, Local 1880 v. Board of Regents, 365 So.2d 1073, 1075 (Fla. 1st DCA 1979). It is undisputed that the School derives its revenues from appropriations by the state legislature. However, it claims appropriations authority based on its ability to transfer monies between categories of appropriations, pursuant to Section 216.292(2), Florida Statutes. However, the statute is clear that a department acting pursuant to this authority is not appropriating funds, but transferring money already appropriated for use in approved categories. Because the Board cannot meet the plain definition of legislative body, PERC was correct in its holding.
Section 447.203(10) also provides additional support for PERC’s conclusion. The statute was recently amended to specifically designate the Boards of Trustees of community colleges as legislative bodies; the Board here is not named. Well-settled principles of statutory interpretation lead inevitably to the conclusion that the legislature did not therefore intend that the Board have legislative body status.
Because PERC’s interpretation of Section 447.203(10) to exclude the Board is consistent with legislative intent and supported by competent substantial evidence, this court must defer to that interpretation, Public Employees Relations Commission v. Dade County Police Benevolent Ass’n., 467 So.2d 987, 989 (Fla.1985), especially in light of PERC’s broad powers to administer Chapter 447.
PERC’s holding that the Board’s alternative contention of exigent circumstances is unsupported by the facts is also affirmed, as are the penalties imposed pursuant to Section 447.503(6)(a) and the attorney’s fees awarded the Union pursuant to Section 447.503(6)(c). The fee sought on this appeal by the Union pursuant to Section 447.504(3) is granted and the case remanded to PERC for the limited purpose of setting a reasonable fee.
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.