**Samuel Lee MILES, et al., Plaintiffs,**

v.

**Nicole A. WHALEY, et al., Defendants.**

Civ. A. No. 94–A–172–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 7, 1994.

---

Mitchell A. Chait, Chait & Maggio, Rochester, NY, Griffin Sikes, Jr., Montgomery, AL, for plaintiffs.

David A. Boyett, III, Richard E. Corrigan, Hamilton, Butler, Riddick, Tarlton & Sullivan, Mobile, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is now before the court on the motion to dismiss and/or motion for summary judgment filed by Defendant, James E. Whitehead ("Whitehead"), on April 19, 1994.[1]

Plaintiffs, Samuel Lee Miles ("Mr. Miles") and Annie T. Miles ("Mrs. Miles"), filed this action on July 16, 1993 in the United States District Court for the Western District of New York. They allege *inter alia* negligence. The case was transferred to this court on January 25, 1994. 28 U.S.C. § 1406(a).

For the reasons stated below, the court finds that Whitehead's motion to dismiss is due to be denied.

### II. FACTS

The pleadings allege the following facts:

On November 30, 1991, Mr. Miles and Defendant Nicole A. Whaley ("Whaley") were involved in an automobile accident at the intersection of Barbour County Road 25 ("Road 25") and Alabama State Highway 51 ("Highway 51"). At the time of the accident, Mr. Miles was in the process of making a turn onto Road 25 heading west and Whaley was traveling east on Road 25. Whaley drove through the intersection and struck the passenger side of Mr. Miles' vehicle.

On July 16, 1993, Mr. and Mrs. Miles filed suit in the United States District Court for the Western District of New York. Initially, their Complaint named only Whaley and Budget Rent A Car Systems, Inc. ("Budget") as defendants. On November 29, 1993, Mr. and Mrs. Miles filed an amended complaint which added Benny and James E. Whitehead Logging, Inc. ("Logging, Inc.") as a defendant. This First Amended Complaint alleged that Logging, Inc. was the owner of a log trailer bearing truck tag # X962537 and that it was liable for (1) allowing the log trailer to knock down a stop sign located at the intersection of Highway 51 and Road 25 and (2) allowing the log trailer to be illegally parked at the intersection and thus obstructing Whaley's vision.

On December 29, 1993, Logging, Inc. filed an answer and cross-claim.[2] It maintained that Logging, Inc. did not exist. On January 13, 1994, Logging, Inc. filed a motion to dismiss or in the alternative to transfer. In support of the motion, it attached White-

---

1. Because Whitehead has only submitted a memorandum of law, with no affidavits or other evidence, in support of his motion, the court finds that it is due to be treated as a motion to dismiss.

2. Whitehead's brother, Benny Whitehead, joined in the answer and cross-claim. On March 14, 1994, the court granted a motion to withdraw the cross-claim.

head's affidavit. In it, he admitted that he owned the log trailer and that at the time of the accident he was doing business as James E. Whitehead Timber ("Timber"). Timber was a sole proprietorship.

In a Decision and Order dated January 25, 1994, Chief Judge Michael A. Telesca transferred the case to this court. On April 11, 1994, this court granted Mr. and Mrs. Miles' second motion to amend the complaint. This Second Amended Complaint struck Logging, Inc. as a defendant, added Whitehead as a defendant, struck the previous fifth and sixth claims of relief and added two new claims of relief.

Subsequently, Whitehead filed the instant motion.

## III. DISCUSSION

Whitehead contends that Plaintiffs' claim against him is barred by the statute of limitations of two years, § 6–2–38, *Code of Alabama,* 1975. The accident occurred on November 30, 1991; suit was filed on July 16, 1993; and Logging, Inc. was added as a defendant by amendment on November 29, 1993. Whitehead was added as a defendant more than two years after the accident. Whitehead argues that both the First and Second Amended Complaints are untimely because they do not "relate back to the date of the initial filing ..." The court disagrees.

■ In the First Amended Complaint, Mr. and Mrs. Miles did not attempt to correct the misidentification of a party, but rather added a new party. Thus, Whitehead's contention that the First Amended Complaint is untimely because it does not "relate back" to the original complaint under Fed.R.Civ.P. 15(c) is misplaced. *Jacobson v. McIlwain,* 145 F.R.D. 595, 603 (S.D.Fla.1992) (citations omitted) ("[Rule 15(c)(3) ] is inapplicable in [a] case where the Plaintiff is attempting to add entirely new defendants to the action."). Under Alabama law, the statute of limitations on a negligence claim is two years. Ala.Code § 6–2–38. Therefore, Mr. and Mrs. Miles' amending their Complaint on November 29, 1993, to include claims against Logging, Inc. was within the statute of limi-

tations. *See Ocasio Ortiz v. Betancourt Lebron,* 146 F.R.D. 34, 37 (D.P.R.1992).

■ As to the Second Amended Complaint, the issue before the court is not whether it relates back to the original complaint, but whether the Second Amended Complaint, which seeks to correct the misidentification of a party added by amendment within the two-year period, relates back to the First Amended Complaint, which misidentified the party.

Fed.R.Civ.P. 15(c) was amended effective December 1, 1991, to provide broader "relation back" of pleadings when plaintiff seeks to amend its complaint to name a new defendant. *Hill v. United States Postal Serv.,* 961 F.2d 153, 154 (11th Cir.1992). The change was intended to overrule the 1986 Supreme Court decision in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18, which held that Rule 15(c) did not allow relation back unless a newly-added defendant had received notice of the action during the limitations period. Under the changed rule, the newly-added defendant must have received notice within the period of time allowed for service of process, whether that was before or after the limitations period.

Amended Rule 15(c) provides in relevant part:

An amendment of a pleading relates back to the date of the original pleading when ... (2) the claim or defense asserted in the amended pleading arose out of the conduct ... set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c) was revised "to prevent parties against whom claims are made from taking

unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." *Hill,* 961 F.2d at 155 (citations and internal quotation marks omitted).

In the context of this case, the First Amended Complaint, in which Logging, Inc. was first named as a new defendant, is the "original pleading", "institution of the action", and "the action" as those terms are used in the Rule. The court now turns to analyze the events surrounding the processing of this claim to determine if Mr. and Mrs. Miles' Second Amended Complaint meets the relation back standard of the federal rules. First, it is uncontested that the claim asserted in the Second Amended Complaint arose out of the conduct set forth in the First Amended Complaint. Next, the court finds that Whitehead within 120 days of the filing of the First Amended Complaint had the requisite notice of the institution of the action. As previously discussed, the First Amended Complaint was filed on November 29, 1993, and Logging, Inc. filed a motion to dismiss or in the alternative to transfer on January 13, 1994. In support of its motion, Logging, Inc. submitted Whitehead's affidavit. The court further finds that Whitehead knew or should have known that, but for Mr. and Mrs. Miles' misidentification of the proper party, the action would have been brought against him. The court bases this conclusion on the fact that within his affidavit Whitehead admitted that he owned the log trailer involved and that at the time of the accident he was doing business as Timber, a sole proprietorship. Finally, the court concludes that no prejudice will result from Whitehead having to continue defending this suit.

The court, therefore, concludes that the Second Amended Complaint "relates back" to the First Amended Complaint, the First Amended Complaint was filed within two years after the accident, and the claim against Whitehead is not barred by the Statute of Limitations.

## IV. CONCLUSION

For the foregoing reasons, the court finds that Defendant's motion to dismiss is due to be and is hereby DENIED. Defendant James E. Whitehead is given **until June 20,** 1994, to answer the Second Amended Complaint.