Lynn P. ROWE, Plaintiff,

v.

**FLORIDA SCHOOL FOR THE DEAF & BLIND, et al., Defendants.**

No. 96–997–CIV–J–21C.

United States District Court, M.D. Florida Jackonsville Division.

May 17, 1997.

R. Scott Hernandez, Jr., Jacksonville, FL, for Plaintiff.

F. Damon Kitchen, Jacksonville, FL, for Defendant.

### ORDER GRANTING LEAVE TO AMENDED COMPLAINT

CORRIGAN, United States Magistrate Judge.

This case is before the Court on plaintiff's Motion to Allow Plaintiff to Amend and/or Extend Time to Reserve or Serve Properly (Doc. # 23), filed March 12, 1997. Defendants filed responses in opposition (Docs. ## 26, 29). The Court held a hearing on April 25, 1997.

#### Procedural Posture

Plaintiff's Complaint (Doc. # 1) alleges causes of action for sexual harassment and disability discrimination against her employer the Florida School for the Deaf & Blind ("FSDB") and individuals Visconti and Dawson.

Paragraph 4 of the Complaint alleges FSDB was an employer:

Defendant, FLORIDA SCHOOL FOR THE DEAF & BLIND (FSDB), is and was an employer, within the meaning of 42 U.S.C.2000e et seq., of plaintiff and all other Defendants, and is located within the Middle District of Florida; and, FSDB receives federal funds, and was at all times relevant was acting under color of state law.

Paragraph 9 of the Complaint avers: "Plaintiff was originally hired by Defendant FSDB June 4, 1974, and was employed by Defendant FSDB for over 21 years as a Personnel Services Specialist."

The Answer filed on December 20, 1996 on behalf of FSDB and Dawson by an Assistant Attorney General admitted Paragraph 4 except "that FSDB does not receive federal funds and FSDB cannot 'act under color of state law.'" (Doc. # 4, Para.4). Paragraph 9 was admitted. "... except that Plaintiff's position changed over the term of her employment." (Doc. # 4, Para.9).

Defendants FSDB and Dawson, **through new counsel**[1], filed a Motion to Dismiss and supporting memorandum (Docs. # 11 and 12) on February 10, 1997. In part the Motion to Dismiss asserts plaintiff named the wrong defendant; pursuant to F.S.A. § 242.331(4) the appropriate party for suit is the **Board of Trustees** of the Florida School for the Deaf and the Blind.[2] The Motion alleges any amendment to correctly identify defendant would be legally futile as the statute of limitations has run. Also on February 10, 1997 defendants FSDB and Dawson filed a Motion to Amend Answer and Affirmative Defenses (Doc. # 14) which represented plaintiff's counsel had no objection.[3] On February 17, 1997 the Motion to Amend was granted based on the representation that plaintiff's counsel had no objection thereto. (Doc. # 17). The Amended Answer (Doc. # 18) filed on February 24, 1997 now has the effect of denying in Paragraph 4 that FSDB is the proper party to be sued and also includes a new Tenth Affirmative Defense which is the focus of the current controversy:

> Count I and III of Plaintiff's Complaint must be dismissed as the Florida School for the Deaf and Blind is not the proper party in this action. As stated in Section 242.331(4), Florida Statutes (1995), it is the Board of FSDB, not FSDB itself, which has the authority to "sue and be sued ..."

In her response to the Motion to Dismiss, plaintiff sought to amend her Complaint and/or to extend the time to serve or "reserve" defendant. (Doc. # 23). The proposed Amended Complaint names as defendant the "Board of Trustees for the Florida School for the Deaf & Blind, dba as the Florida School for the Deaf and Blind, an agency of the State of Florida". As to the individual defendants, the proposed Amended Complaint adds allegations concerning her claims of sex discrimination and ADA violations.

Defendant Visconti filed a response to the Motion to Amend. (Doc. # 26). Defendants FSDB and Dawson filed a Memorandum in Opposition to Plaintiff's Motion to Amend and Reserve Complaint (Doc. # 28) and the Court conducted a lengthy hearing on April 25, 1997.

### The Arguments of the Parties and the Court's Decision

■ Defendant FSDB and Dawson argue the proper party to be sued is the Board of Trustees of the Florida School for the Deaf and the Blind (hereinafter "Board") pursuant to F.S.A. § 242.3305 *et seq* . While admitting it was plaintiff's employer, FSDB asserts dismissal is appropriate as the Board is the proper party.[4] F.S.A. § 242.3305 established FSDB as a state-supported residential public school for hearing and visually impaired students. The seven member Board appointed by the Governor is a body corporate; the Board has the "jurisdiction" in part to manage the school, hire teachers and employees, establish admission standards and "to sue and be sued." F.S.A. § 242.331(4).

Defendant FSDB argues plaintiff must have instituted suit against the proper party, the Board, within 90 days following her receipt of the EEOC "right to sue" letter; that time period has expired. Only if the proposed amendment complies with the "relation back" provisions of Fed.R.Civ.P. 15(c)(3) is her action arguably preserved. Fed.R.Civ.P. 15(c)(3) provides in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when ... (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision

---

1. A Notice of Substitution of Counsel (Doc. # 13) was filed on February 10, 1997.

2. The Motion to Dismiss which asserts dismissal against defendant Dawson is appropriate because he is not a "person" for Section 1983 purposes and has Eleventh Amendment immunity and other defenses, is pending before the District Court. Defendant Visconti also has a pending Motion to Dismiss (Doc. # 16) on 11th Amendment immunity grounds.

3. Although plaintiff's counsel vehemently denied she consented to the amendment sought, resolution of this factual dispute is not necessary to the Court's decision.

4. While from a common sense standpoint the necessity of naming the Board as the defendant in this employment discrimination action when defendants admit FSDB was plaintiff's employer is suspect, the Court does not further address this issue.

(2) is satisfied [claim or defense arises out of the same transaction or occurrence as the original pleading] and, within the period provided by Rule 4(m) for service of the summons and complaint [120 days], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, (parentheticals supplied).

Defendants assert plaintiff's proffered amendment to add the Board as defendant was not filed within this 120 day period, therefore any amendment would not "relate back" to the September 30, 1996 filing of the original complaint; accordingly, plaintiff's action would be legally futile as untimely under 42 U.S.C. § 2000e-5(f)(1).

Plaintiff asserts she did not consent to the filing of an Amended Answer by FSDB and Dawson, therefore the Amended Answer which added the affirmative defense concerning misidentification was not properly raised; FSDB and Dawson waived the misidentification issue in the filing of their original Answer which admitted FSDB was the proper party; that original counsel for defendants FSDB and Dawson (an Assistant Attorney General) certainly should have known the correct defendant to be named; that by waiting more than the 120 day period of Fed. R.Civ.P. 15(c) before raising the misidentification issue, defendants acted unfairly and prejudicially.

■ In determining whether a motion to amend should be allowed, the Court must consider (1) whether the amendment would be prejudicial to the opposing party, (2) whether there was bad faith or undue delay on the part of the moving party and (3) whether the amendment sought is legally futile. *Taylor v. Florida State Fair Authority*, 875 F.Supp. 812, 814 (M.D.Fla.1995).

■ Both parties rely on *Hill v. United States Postal Service*, 961 F.2d 153 (11th Cir.1992) in which the Eleventh Circuit reversed a denial of a request to amend where the Postmaster General had "notice" because he was served with the summons and complaint within the 120 day period even though the Postmaster General was not then a party defendant. The Court noted 1991 Amendments to Fed.R.Civ.P. 15(c) broadened the scope of "relation back" when a new party is added:

> [Rule 15(c)(3)] requires that the newly named party receive notice of the suit or become aware of the misidentification in the pleadings within the prescribed period for service of process—120 days after the filing of the original complaint according to amended Rule 4(m)(now Rule 4(j)). *Id.* at 155.

The Rule does not require technical service on the proposed new party; "notice" or an awareness of the suit or misidentification during the 120 day period is all that is required. *Id.; see also Hunt v. Department of Air Force*, 29 F.3d 583, 588 (11th Cir.1994); *Miles v. Whaley*, 155 F.R.D. 684 (M.D.Ala. 1994).

Plaintiff is entitled to rely on defendants' initial pleading admission that FSDB was plaintiff's employer and failure to raise the misidentification defense. Here, it was not until after the 120 day period had expired that FSDB, through new counsel, first raised the misidentification issue. In these circumstances to deny amendment would be unduly prejudicial and unfair. *See Hall v. Aetna Casualty & Surety Co.*, 617 F.2d 1108, 1110 (5th Cir.1980);[5] *National Ass'n of Life Underwriters Inc., v. Commissioner of Internal Revenue*, 30 F.3d 1526, 1530 (D.C.1994).

Moreover, the Court finds that the Board had "notice" or at minimum was aware of the lawsuit and the alleged misidentification well before the 120 day service period expired. As established at the hearing, defendant Dawson, who was timely served, while not a formal member of the Board of Trustees, is President and Chief Executive Officer of FSDB and an ex-officio member of the Board

---

**5.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the 11th Circuit adopted as precedent all decisions of the former 5th Circuit rendered prior to October 1, 1981.

who attends all Board meetings and certainly advised the Board of this suit.

Additionally, initial service of the Complaint on the Assistant Attorney General is also imputed notice to the Board of Trustees. *See Garvey v. Vaughn,* 993 F.2d 776, 783 n. 17 (11th Cir.1993) where over objection, amendment was allowed to add the United States as a party defendant; service on an Assistant United States Attorney satisfied the notice requirements of Rule 15(c). "Service on a responsible government officer is sufficient to impute the necessary notice to the Unites States," citing *Carr v. Veterans Administration,* 522 F.2d 1355, 1357–58 (5th Cir.1975). Analogously, service on an Assistant Attorney General is imputed notice to the Board. *See also Brown v. Georgia Department of Revenue,* 881 F.2d 1018, 1023 (11th Cir.1989) (amendment to add individual Board members in their official capacity allowed where the Board as an original defendant was represented by the Attorney General's office who would also represent the individual Board members, reasoning it was "reasonable to conclude that the individual Board members should have known that they were the correct defendants.").[6]

Finally, FSDB may not even be correct that the Board is the only proper party defendant. As proffered at the hearing, prior to instituting this suit and after review of the statutory language, plaintiff's counsel called both the Board of Education and the Attorney General's office and was informed the proper entity to sue was FSDB. Moreover, the Court takes judicial notice that there are currently pending six other cases against FSDB in this District (95–517; 96–321; 96–663; 96–997; 96–1272; 96–321). In all these cases the same Assistant Attorney General is listed as counsel for FSDB; in none of the cases does it appear this "misidentification" issue has been raised in a motion to dismiss. While the Board was a defendant in a separate case (No. 95–444–Civ–J–20), the Board's counsel was the same as in this case; plaintiff's counsel was not the same. The Court notes further that FSDB, and not the Board, was the appellant in *Florida School for the Deaf and the Blind v. Florida School for the Deaf and the Blind, Teachers United,* 483 So.2d 58 (Fla. 1st DCA 1986). Indeed, defendants conceded at the hearing that there is no case authority holding that the Board is the only proper party defendant.

However, the Court is not required to make a definitive ruling on the meaning of F.S.A. § 242.3305 *et seq.* or the identity of the proper defendant because the Board had sufficient actual notice of this action within the requisite 120 day period such that, for purposes of ruling on the Motion to Amend, the proffered amendment to add (and serve) the Board is not legally futile.

Thus, the Court finds under the unique circumstances of this case, the amendment should be allowed. As the Eleventh Circuit notes in *Hill,* "Rule 15(c) was revised 'to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.'" *Hill* at 155 (citations omitted). The Court finds that amendment to add the Board as a defendant would not be legally futile as the Board was on notice of this action and any "misidentification" within the 120 day period of Fed. R.Civ.P. 15(c)(3); defendants have not established any prejudice; and there has been no undue delay in seeking leave to amend. Furthermore, as there is no objection to the proffered amendments as to the individual defendants, the request to amend as to the individual defendants will also be granted. Accordingly,

It is hereby

**ORDERED:**

1. Plaintiff's Motion to Amend contained within Plaintiff's Response to Defendants' FSDB and Dawson and Visconti Motion to Dismiss (Doc. # 23) is **GRANTED.** The Clerk of Court is instructed to file the Amended Complaint and Demand for Jury Trial attached to plaintiff's Response.

2. All defendants shall plead as advised (including refiling any applicable motions) to the Amended Complaint, serving their responses by **June 10, 1997.**

---

**6.** Although this case is prior to the 1991 amendments which broadened the discretion to allow amendment, its reference to imputed notice and notice to Attorney General applies.

3. Defendants' currently pending motions to Dismiss (Docs.# 11, 16) are **moot** in light of the filing of the Amended Complaint.