Isaac WILLIAMS, Jr., Plaintiff,

v.

GRIEG SHIPPING A/S, Star Shipping A/S, John Doe I, et al., Defendants.

Civ.A. No. 02–0224–CB–L.

United States District Court, S.D. Alabama, Southern Division.

March 18, 2003.

Joseph M. Allen, Jr., E. Erich Bergdolt, Johnstone, Adams, Bailey, Gordon & Harris, Mobile, AL, for Defendants.

Francis E. Leon, Jr., Huey, Leon & Bass–Frazier, LLP, Mobile, for Plaintiff.

## MEMORANDUM AND OPINION

BUTLER, District Judge.

The following matter comes before the Court on Defendants' Motion to Dismiss, Docs. 29, 31 & 34. Plaintiff has filed a Response in Opposition, Docs. 43 & 53, to which Defendants have replied. Docs. 50 & 56. For the following reasons, the Court finds that Defendants' Motion should be **DE-NIED.**

Plaintiff has filed a Motion for Sanctions and Other Relief. Docs. 41 & 43. Defendants have filed a Response in Opposition. Doc. 50. For the following reasons, the Court finds that Plaintiff's Motion should be **GRANTED.**

## I. BACKGROUND

Plaintiff was allegedly injured March 12, 1999, aboard the STAR ALABAMA while working as a longshoreman. Doc. 50 at p. 1. The records of the Harbormaster and Berth Application indicated that the vessel was entered by Defendant Star Shipping, Inc. Doc. 43 at pp. 1–2. On March 6, 2002, six days before the expiration of the statute of limitations,[1] Plaintiff brought suit in state court against Defendant Star Shipping, Inc. Doc. 50. at pp. 1–2. On April 4, 2002, Defendant Star Shipping, Inc. removed the action to this Court and, in an answer filed the next day, denied that it was the owner or operator of the vessel. Docs. 1 & 2.[2] Thereafter, Plaintiff immediately began to conduct limited discovery to ascertain the owner and charter of the vessel on April 8, 2002. Doc. 31 at p. 2. On July 25, 2002, Plaintiff moved the Court for leave to file an amended complaint adding Defendants Star Shipping A/S and Grieg Shipping A/S and dropping Star Ship-

ping, Inc. Doc. 13. The amended complaint was filed on August 15, 2002. Doc. 17.

## II. STATUTE OF LIMITATIONS

The amended complaint was filed five months past the applicable three year statute of limitations. *See* 46 U.S.C.App. 763. Thus, Plaintiff's claims against Defendants Grieg Shipping A/S and Star Shipping A/S are time barred. However, Plaintiff advances several theories which would allow the suit to continue. Docs. 41 & 43. However, the Court need only look at one issue.

## III. Federal Rule of Civil Procedure 15(c)(3).

Rule 15(c) was intended for the purpose of preventing parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense. *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir.2002). In order for an amendment adding a new party to relate back, the plaintiff must satisfy three requirements: 1) the claim against the newly named party must have arisen out of the same conduct or transaction set forth in the original timely pleading; 2) the newly named party must receive notice of the action within the 120 day service period so it will not be prejudiced in maintaining a defense on the merits; and 3) the newly named party must have known, or should have known, that "but for a mistake" made by the plaintiff concerning the newly named party's identity, the action would have been brought against the newly named party in the first place. FED. R. CIV. P. 15(c)(3). Defendant concedes that the first two requirements are satisfied and only disputes the satisfaction of the last requirement. Doc. 31 at p. 4; Doc. 50 at pp. 6–7; and Doc. 56. Thus, there is no need to determine if Defendants Grieg Ship-

---

1. Defendant Star Shipping removed the action based on diversity. Doc. 1 at ¶ 3. However, Plaintiff's action is based on the Longshore and Harbor Workers' Compensation Act pursuant to 33 U.S.C. § 905(b). Doc. 28 at p. 2. Thus, the three year federal statute of limitations applies to the matter because it is a suit for recovery of damages for personal injury arising out of a maritime tort. 46 U.S.C.App. § 763.

2. It is interesting to note that in the notice of removal filed on behalf of Defendant Star Shipping, Inc., defense counsel signed off as "Attorney for Star Shipping A/S." Doc. 1 at p. 3. This situation occurred again in the report of the parties planning meeting. Doc. 5 at p. 4.

ping A/S and Star Shipping A/S received proper notice and timely service.

The main issue is whether Defendants Grieg Shipping A/S and Shipping A/S are being substituted for the originally named Defendant, Star Shipping, Inc., or if the newly named Defendants are being substituted for the John Does. If Plaintiff was seeking to substitute the newly named Defendants for the John Doe designations, then the amended complaint would not relate back. The Eleventh Circuit has held that the substitution of a newly named party for a "John Doe" defendant in the original complaint does not meet the "but for mistake" requirement in Rule 15(c)(3). *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir.1999). In other words, a lack of knowledge about a party's identity in the "John Doe" context does not constitute a mistake pursuant to Rule 15(c)(3). *Wayne*, 197 F.3d at 1103.

However, Rule 15(c)(3) allows an amendment changing a name to relate back if the change is the result of an error, such as a misnomer or misidentification. *Wayne*, 197 F.3d at 1103. Therefore, a different interpretation of the "but for mistake" requirement applies if the newly named party is being substituted for an originally named defendant.[3] *See G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503–04 (9th Cir.1994). *But see Wilson v. United States Government*, 23 F.3d 559 (1st Cir.1994). In this situation, the "but for mistake" requirement is satisfied as the omission of the newly named party is viewed as mistaken identity and not as a lack of knowledge. *Pan Ocean*, 23 F.3d at 1503–04. The Eleventh Circuit has stated that the word "mistake" should be construed liberally. *Itel Capital Corp. v. Cups Coal Co., Inc.*, 707 F.2d 1253, 1258 n. 9 (11th Cir.1983).

In keeping with the liberal interpretation of the word "mistake" when John Doe defendants are not involved, the Eleventh Circuit stated, "The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of a defendant." *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir.1998). In *Powers*, the plaintiff knew the identity of the defendants, but decided not to include them in the amended complaint until after the statute of limitations had run. *Id.* at 1226–27. The Circuit Court found that the amended complaint did not relate back because the term "mistake" did not encompass a deliberate decision not to sue a party whose identity the plaintiff knew from the outset. *Id.* at 1227. *See also Hill v. United States Postal Serv.*, 961 F.2d 153 (11th Cir.1992) (permitting a plaintiff's amended complaint to relate back when he mistakenly named the postal service instead of the postmaster as a defendant, contrary to statutory requirements).

District courts in the Eleventh Circuit, following the holding in *Powers*, have allowed amended complaints to relate back when the amendment corrects a mistake about the identity of a named defendant which was not uncovered until after the statute of limitations had run. *See Sims v. Montgomery County Com'n*, 873 F.Supp. 585, 611–12 (M.D.Ala.1994); *Chumney v. U.S. Repeating Arms Co., Inc.*, 196 F.R.D. 419, 429–30 (M.D.Ala.2000); *and Miles v. Whaley*, 155 F.R.D. 684, 685–87 (M.D.Ala.1994). In determining whether a plaintiff made a "mistake," rather than a deliberate choice, in originally omitting a relevant defendant turns on whether the newly added defendant was known to the plaintiff before the running of the statute of limitations. *Chumney*, 196 F.R.D. at 429.

Here, Plaintiff's original complaint named Defendants as "Star Shipping, Inc., John Doe I, John Doe II ... all of whom are unknown to the Plaintiff at this time, but who will be added when ascertained." Doc. 8. Also, Plaintiff's discovery following Defendant Star Shipping, Inc.'s denial that it owned or operated the vessel, was not to determine Defendant Star Shipping, Inc.'s correct identification or name, but to ascertain the true owners of the vessel. *See Doc.* 31 at p. 5. In his motion for leave to amend,

---

**3.** Indeed, the Eleventh Circuit in *Wayne* only dealt with the replacement of a John Doe defendant. *See Wayne*, 197 F.3d at 1102–04.

Plaintiff stated that one reason for the amendment is that he "learned of additional facts during the course of discovery." Doc. 13. The amended complaint dropped Defendant Star Shipping, Inc. and added Defendants Grieg Shipping A/S and Star Shipping A/S. Doc. 17. Thus, the Court finds that it is appropriate to interpret the word "mistake" pursuant to the standard used when the amended complaint is correcting a mistake about the identity of a defendant, and not the standard used when a newly named party is being substituted for a "John Doe" defendant.

Next, in order to find a "mistake" here, the Court must determine if the newly named Defendants were known to Plaintiff before the statute of limitations ran. The Court places great weight on Plaintiff's chronology of events. Doc. 43 at pp. 4–8. On April 8, 2002, Plaintiff's counsel contacted defense counsel requesting identification of the vessel owners. *Id.* at p. 4. On April 11, 2002, Plaintiff's counsel read his discovery requests over the phone to defense counsel to ensure that the information was obtained quickly. *Id.* The next day Plaintiff's counsel filed formal discovery to correctly identify the ownership of the vessel and service information. *Id.* at p. 5. On May 31, 2002, Plaintiff's counsel followed up his request for identification of the vessel owners. *Id.* On June 3, 2002, Grieg Shipping A/S was identified as the vessel owner; Star Shipping A/S was identified as the vessel charterer; and Star Shipping, Inc. was identified as an agent. *Id.* Thus, the Court finds that the "but for mistake" requirement is satisfied because Plaintiff was not aware of the identity of the proper Defendants until after the statute of limitations had run on March 12, 2002. Therefore, Plaintiff's amended complaint is timely as it relates back to the original complaint.

## IV. CONCLUSION

After finding Plaintiff's amended complaint to relate back since the "mistake" requirement of Rule 15(c)(3) is satisfied, the Court deems it necessary to briefly mention Plaintiff's motion for sanctions. Plaintiff sought wide-ranging relief, from moving to the Court to deny Defendants' motion to dismiss to requesting an award of attorney's fees for Defendants' alleged dilatory tactics in discovery. Doc. 41. However, the Court notes that, at this juncture, sanctions involving expenses and fees for alleged discovery abuses are procedurally invalid because Plaintiff never filed a motion to compel disclosure or discovery. *See* FED. R. CIV. P. 37. In any event, the Court found the amended complaint to be timely which was foremost among the relief requested in the motion for sanctions.

## ORDER

In light of the foregoing, the Court finds that Defendants' motion is due to be and hereby is **DENIED**. On the other hand, the Court finds that Plaintiff's motion is due to be and hereby is **GRANTED**, to the extent that Defendants' Motion to Dismiss is denied.