CRENSHAW, Judge.
The Polk County School District (School District) appeals a final order of the Public Employees Relations Commission (PERC) determining that the School District committed an unfair labor practice and violated sections 447.501(l)(a) and (c), Florida Statutes (2008), by unilaterally changing the terms of and options for employee health insurance coverage for members of the Polk County Non-Industrial Employees Union, Local 227, AFSCME, AFL-CIO (AFSCME).[1] As we discuss in greater detail in our companion case, School District of Polk County v. Polk Education Ass’n, 100 So.3d 11 (Fla. 2d DCA 2011), the School District, faced with a predicted budgetary shortfall for the 2009-2010 fiscal year, sought to change its employees’ health insurance plans without engaging in *18 collective bargaining requested by the AFSCME. The Polk County School Board ultimately approved three health insurance plans, two of which required members of the AFSCME to pay a monthly premium for health insurance. The AFSCME then filed a complaint with the PERC, and the PERC entered an opinion in the AFSCME’s favor.
As in Polk Education Ass’n, we conclude there was competent, substantial evidence in the record supporting the PERC’s determination that the AFSCME did not clearly and unmistakably waive its right to collectively bargain over proposed changes to its members’ health insurance plans. See Sch. Bd. of Martin Cnty. v. Martin Cnty. Educ. Ass’n, 613 So.2d 521, 522 (Fla. 4th DCA 1993); Fla. Sch. for the Deaf & the Blind v. Fla. Sch. for the Deaf & the Blind, Teachers United, FTP-NEA, 483 So.2d 58, 59 (Fla. 1st DCA 1986). Similarly, we hold the projected budgetary shortfall for the 2009-2010 fiscal year did not constitute an exigent circumstance permitting the School District to restrict the AFSCME’s right to collective bargaining. See Volusia Cnty. Fire Fighters Ass’n, Local 3574 IAFF v. Volusia Cnty., 32 FPER ¶ 89 (2006); Palm Beach Cnty. Police Benevolent Ass’n v. Village of N. Palm Beach, 20 FPER ¶ 25004 (1993); Pensacola Junior Coll. Faculty Ass’n v. Bd. of Trs. of Pensacola Junior Coll., 13 FPER ¶ 18150 (1987). Accordingly, the PERC correctly decided that the School District violated sections 447.501(1)(a) and (c) by failing to collectively bargain with the AFSCME.
Affirmed.
SILBERMAN, C.J., and LaROSE, J., Concur.

. The AFSCME, the American Federation of State, County, and Municipal Employees, is the certified bargaining agent for three bargaining units of non-instructional School District employees: (1) bus drivers and attendants; (2) custodial, maintenance, and vehicle servicers; and (3) food service assistants. The AFSCME simultaneously bargains for all three bargaining units, but each bargaining unit has its own collective bargaining agreement with the School District. Each agreement contained similar language requiring the School District to pay the basic health insurance premiums for all full-time employees.